## VAUTRAIN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

**Weight of Evidence.** Where the evidence upon all the issues made by the pleadings is conflicting, and there is no such preponderance against the finding of the jury, as to warrant the conclusion that it was the result of either passion or prejudice, the Supreme Court will not interfere.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Bennett Pike* for appellant.

*A. R. Taylor* for respondent.

NORTON, J.—Plaintiff, who was a brakeman in the employ of defendant, brought this suit to recover damages for injuries alleged by him in his petition to have been sustained by the negligence of defendant in leaving a hole under a switch rod, on the track of the road where he was engaged as brakeman in coupling cars, and that while so engaged, without negligence on his part, his foot became fastened in said hole, and he was knocked down and run over by the cars, whereby his foot was crushed and his right arm so injured as to necessitate amputation at the shoulder.

The answer of defendant, besides containing a general denial of the allegations of the petition, set up contributory negligence on plaintiff's part, and averred that his injury was occasioned by his foot being caught in the frog on the track on which he was engaged in coupling cars, and further set up that plaintiff had received $200 in satisfaction of his claim for damages, and had executed releases discharging defendant from all liability on account of said accident. The reply of plaintiff averred that the money received by him was in payment of what the company

owed him on account, denied the execution of any releases, and averred that they were obtained by fraud and misrepresentation. On the trial plaintiff obtained judgment for $6,000, which, on the appeal of defendant to the St. Louis court of appeals, was affirmed, and from this action of said court defendant has appealed.

On all the issues presented by the pleadings the evidence was conflicting. There was evidence tending to show that plaintiff was injured as claimed by him in his petition, and also evidence tending to show that his foot was caught in the frog, and that he was injured as claimed in the answer of defendant. There was also evidence tending to show that the releases offered in evidence were executed by defendant under the belief that they were mere receipts for money which the company owed him, and also evidence to the contrary. All these questions were for the jury to pass upon, and there being evidence tending to establish the theories of the case relied upon by the respective parties, we are not authorized to interfere with the finding of the jury, inasmuch as there is no such preponderance of evidence against their finding as leads us to conclude that their verdict was the result of either passion or prejudice.

The question whether plaintiff's injuries were occasioned without fault on his part, by reason of his foot being caught in a hole under the switch rod, and whether said hole had been negligently made and left there by defendant's servants engaged in working upon the track as trackmen, were fairly put to the jury, and plaintiff's right to recover was predicated upon the finding of the above facts. So was the question fairly submitted whether or not the releases set up in the answer were executed by plaintiff understandingly, or whether they were procured by artifice and fraud.

For the reasons herein given as well as those given in the opinion of the court of appeals, reported in 8 Mo. App. 538, the judgment is affirmed, in which all concur.