## WILLIAM A. SHELTON, Appellant, v. BAER, SINGER & COMPANY, Respondent.

**St. Louis Court of Appeals, November 19, 1901.**

**Partnership:** DISSOLUTION OF AT DEATH OF MEMBER: CONTRACT, CONSTRUCTION OF. Ordinarily, the dissolution of a partnership by the death of a member, does not, *ipso facto*, terminate a contract, like the one in the case at bar; but the present agreement expressly provided that it should terminate without notice if the business of the copartnership should cease or be interrupted by death. This contingency happened and the employment under the contract ended.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Frank M. Estes* for appellant.

(1)   The court erred in the giving of its instruction. Stevens v. Crane, 37 Mo. App. 487; Thrift v. Payne, 71 Ill. 408; Fillieul v. Armstrong, 7 A. & E. 557; Park v. Bushnell, 60 Fed. Rep. 583; Jordan v. Moulding Co., 77 Mo. App. 572-6.   (2)   Plaintiff made out a prima facie case, and the jury should have been permitted to pass on the questions of fact presented by the evidence.   Edwards v. Levy, 2 Fos. and Fin. 94; Sugg v. Blow, 17 Mo. 359; Carson v. McCormick, 36 Mo. App. 462; Echols v. Fleming, 58 Ga. 156.   (3) An absence of three days from business by an employee does not, per se, justify his discharge by his employer.   Carson v. McCormick, 36 Mo. App. 462; Shaver v. Ingham, 58 Mich. 648; Schumaker v. Heineman, 99 Wis. 251.

*Chester A. Krum* and *David Goldsmith* for respondents.

The contract sued upon was terminated by the death of Mr. Seasongood, and was not subsequently revived. That contract expressly provided for its own termination by reason of such death. The effect was the same as if it had provided that it should expire on February 1, 1898 (the date of Mr. Seasongood's death). The contract being at an end, the remark of Mr. Stern that Baer, Singer & Co. would continue the business of Baer, Seasongood & Co., did not revive it, or, to use the form of expression employed in plaintiff's pleadings, did not constitute an assumption of the expired contract. The announcement of this fact could not have greater effect than the fact itself; and no one will pretend that the fact itself carried with it any obligation of any kind to the plaintiff. Nor does the fact, that the plaintiff continued to work for Baer, Singer & Co. under the same salary which he had previously received from Baer, Seasongood & Co., warrant the implication that the former firm had assumed, or more properly speaking, revived the expired contract of the latter firm. There is presented simply the circumstance that Mr. Wilcox entered the employment of Baer, Singer & Co. without any contract for a definite term of employment. Finger v. Brewing Co., 13 Mo. App. 310; Evans v. Railroad, 24 Mo. App. 114.

GOODE, J.—Appellant sued to obtain damages for breach of a written contract between him and the firm of Baer, Seasongood & Company, by which said firm employed him as a traveling salesman. His salary was fixed at thirty-six hundred dollars per year, payable three hundred dollars a month, and reasonable expenses while he was on the road. The agreement contained the following clause:

"It is further agreed that this contract shall terminate

without notice, should the business of said Baer, Seasongood & Company cease, or be interrupted by death, fire, or from any other cause, or in the event said W. A. Shelton should become incapacitated for the duties of traveling salesman." The employment was to extend from the first day of December, 1897, to the first day of December, 1898. Shelton agreed to be in the city of St. Louis at such times as his services were required, in order to solicit trade which might visit the city during the spring and fall seasons.

Simon Seasongood, a member of the firm, died the first day of February, 1898. A termination of the firm of Baer, Seasongood & Company ensued. There was an administration sale, and a new firm, composed of the defendants, Adolph Baer and Louis B. Singer, was organized under the style of Baer, Singer & Company, who continued the business.

When Seasongood died, plaintiff was notified of the fact and came to St. Louis. He was informed by Stern, who was the credit man of the original firm, and continued in that place for the new firm, that there would be no change in the business. Plaintiff continued to work for Baer, Singer & Company, until he was discharged the twenty-fourth of September, 1898, for absenting himself for several days from his duties in St. Louis on a trip to Philadelphia, to seek employment. Before making this trip, he had endeavored to arrange a new contract for the coming year, but failed because his employers insisted on reducing his salary.

Plaintiff brought this action to recover his salary for September, October and November.

Ordinarily, the dissolution of a partnership by the death of a member, does not, *ipso facto*, terminate a contract of this kind; but the present agreement expressly provided that it should terminate without notice if the business of Baer, Seasongood & Company should cease, or be interrupted by death. That contingency happened and the employment un-

der the contract ended.  No arrangement was made between plaintiff and the new firm, and while he continued his work at the same salary, he was engaged for no definite time. Nothing was proven tending to show a renewal by the defendants of the contract between plaintiff and Baer, Seasongood & Company.

Inasmuch as this action is based on that written contract, the court properly gave a peremptory instruction in favor of the defendants.  Booker v. Insurance Co., 8 Mo. App. 533. The judgment is affirmed.  All concur.