## LOEFFLER v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroads**: INJURY TO EMPLOYE: CONTRIBUTORY NEGLIGENCE. An employe of a railroad company who voluntarily puts himself in a dangerous position, at a time and place when and where he had no right to be, and when he must have known that the company did not require or anticipate his presence, and is injured by one of its trains because of his own want of common prudence, cannot recover of the company for such injury.

*Appeal from St. Louis County Circuit Court.—*HON. W. W. EDWARDS, Judge.

REVERSED.

*S. M. Breckinridge* and *M. F. Watts* for appellant.

(1) There is a fatal variance between the allegations of the petition and the proof. *Waldhier v. Railroad,* 71 Mo. 514; *Schneider v. Railroad,* 75 Mo. 295. (2) The demurrer to the evidence should have been sustained. The court erred in refusing to give the instruction asked at the close of plaintiff's case, to the effect that on the evidence under the pleadings plaintiff could not recover. *Isabel v. Railroad,* 60 Mo. 482; *Renfro v. Railroad,* 86 Mo. 302; *Scoville v. Railroad,* 81 Mo. 434; *Taylor v. Railroad,* 86 Mo. 457; *Kelley v. Railroad,* 11 Mo. App. 1; *Houston v. Railroad,* 59 Texas, 373; *Hoover v. Railroad,* 71 Texas, 503; 1 Thomp. on Neg. 429; *Railroad v. Hummel,* 44 Pa. 575; *Mulherrin v. Railroad,* 81 Pa. 366; *Railroad v. Depew,* 40 Ohio, 121; *Hallihan v. Railroad,* 71 Mo. 113; *Rains v. Railroad,* 71 Mo. 164. (3) The court erred in giving the second instruction for plaintiff. *Yarnell v. Railroad,* 75 Mo. 575; *Goodwin v. Railroad,* 75 Mo. 73. (4) The eighth, ninth and eleventh instructions asked by defendant should have been given. (5) Defendant is entitled to judgment *non obstante veredicto.*

*A. R. Taylor* and *W. F. Broadhead* for respondent.

BLACK, J.—The plaintiff received the injuries on account of which he recovered a judgment for four thousand dollars, whilst in the tunnel leading from the Union Depot, in St. Louis, to the bridge. The tunnel railroad consists of two tracks, separated by a wall of masonry eight or ten feet thick and from which wall the arches are constructed. There are open passage-ways through the wall every thirty or forty feet. At a point six or eight blocks from the east entrance, there is no division wall for a distance of forty feet, and here the roof is

supported by girders, and in the upper part of this open space is located a fan which exhausts the smoke from the tunnel. The defendant operated the tunnel road at the time in question, and had the plaintiff and others engaged in putting in a sewer under one of the tracks. This work was carried on at night only, and when the tunnel was closed to the passage of trains.

About half-past eight o'clock in the evening, the plaintiff and three other laborers entered the tunnel at the east entrance, one of them carrying a lantern, and the others following in single file. On the way to the place where they were to commence work, they passed one train by stepping into one of the passage-ways in the wall. When they reached the open space under the fan a train passed them on the north track, and just as it passed another one came up on the south track going in the opposite direction. The plaintiff, it would seem, did not hear or see this last train, and stood so near the track that the baggage-car struck him and inflicted the injuries of which he complains.

The instructions given at the request of the plaintiff permit a recovery if the jury should find that the bell on the engine was not rung, that the failure to ring the bell was negligence on the part of the defendant and the direct cause of the injury. By the special issue submitted under the act of 1885, the jury found (1) that the servants in charge of the engine did not, and, by the exercise of ordinary care, could not have known that plaintiff was in a dangerous place in time to have seen him before he was struck by the car; (2) that plaintiff voluntarily entered the tunnel when trains were running through it and when he knew the tunnel had not been turned over to the trackmen.

The cause of action is not based upon a violation of any ordinance. There is but little evidence that the bell was not ringing at the time of this accident; for while the plaintiff and a co-laborer, the only witnesses in the case, say they heard no bell, still they say that because

of the noise made by the fan they could scarcely hear anything else. They show, too, that the smoke collected at that point, and for this reason and because of a curve in the track they could see the head-light but a few feet. But if the bell was not rung, the judgment cannot stand in the face of these special findings. The plaintiff had been working in the tunnel for five nights before the accident, and knew of the dangers to be encountered in going into it whilst it was open to the passage of trains. He went in of his own volition, knowing that the evening trains were then going through. That the plaintiff and his co-laborers were guilty of negligence in going into this tunnel under such circumstances is obvious to any man of common prudence, and there can be no doubt but his negligence was the cause of his injuries.

Of course, if the engineer saw the danger to which plaintiff was exposed, then he should have resorted to all means in his power, consistent with the safety of himself and train, to avoid the injury. But the special findings are that the engineer did not, and could not, by the exercise of reasonable care, have seen him. The plaintiff voluntarily put himself in this dangerous position at a time and place when and where he had no right to be, and when he must have known that the defendant did not require or anticipate his presence, and the injuries were the result of his own want of common prudence. The evidence is all in accord with the special findings before noted and there is none to the contrary. Nor is there any use of remanding this cause.

The demurrer to the evidence should have been sustained and the judgment is reversed. RAY, J., absent. The other judges concur.