Sherrin v. The St. J. & St. L. Ry. Co.

SHERRIN *et al.*, *Appellants*, v. THE ST. JOSEPH & ST. LOUIS RAILWAY COMPANY.

DIVISION TWO.

**Negligence**: FELLOW SERVANTS: RAILROAD. Two foremen of gangs of section men working independently of each other, but under the same roadmaster of the railroad, are fellow servants, and where a collision between their handcars is caused by the negligence of one, and occasions an injury to the other, the company is not liable.

*Appeal from Clinton Circuit Court.*—HON. J. M· SANDUSKY, Judge.

AFFIRMED.

*Sherry & Hughes* for appellants.

The deceased was not a fellow servant with Fort (who was section boss) and the men under his direction, whose negligence is claimed to have been the proximate cause of injury. *Condon v. Railroad*, 78 Mo. 573; *Long v. Railroad*, 65 Mo. 225; *Gibson v. Railroad*, 46 Mo. 163; *Lewis v. Railroad*, 59 Mo. 495; *Snow v. Railroad*, 8 Allen, 441; *Ford v. Railroad*, 110 Mass. 240; *Flick v. Railroad*, 53 N. Y. 449; *Hall v. Railroad*, 64 Mo. 298; *Gormly v. Iron Works*, 61 Mo. 492; *McDermott v. Railroad*, 87 Mo. 285; *Moore v. Railroad*, 85 Mo. 588; *Tabler v. Railroad*, 93 Mo. 79; *Stephens v. Railroad*, 96 Mo. 207; *Sullivan v. Railroad*, 97 Mo. 113; *Ross v. Railroad*, 112 U. S. 377; *Garrahy v. Railroad*, 25 Fed. Rep. 258, and note; *Copper v. Railroad*, 2 N. E. Rep. 749, and note; *Ragsdale v. Railroad*, 42 Fed. Rep. 383.

*Gardiner Lathrop* for respondent.

Deceased was a fellow servant of Fort, the local section boss and the men in his charge. Wood on Railway Law, sec. 388; *Moore v. Railroad,* 85 Mo. 588; *Hoke v. Railroad,* 88 Mo. 360; *Murray v. Railroad,* 98 Mo. 573; *O'Brien v. Railroad,* 138 Mass. 387; *Easton v. Railroad,* 109 U. S. 478. The case of *Sullivan v. Railroad,* 97 Mo. 114, is inapplicable to the case at bar. *Murray v. Railroad, supra.*

GANTT, P. J.—On the ninth day of April, 1888, the plaintiffs filed in the Clinton county circuit court the following petition:

"Maggie Sherrin and Grace Sherrin, by their next friend, William Honn, plaintiffs,

*v.*

"The St. Joseph & St. Louis Railroad Company, defendant.

In the circuit court of Clinton county, Missouri.

"Plaintiffs, for their second amended petition, state that the said Maggie Sherrin and Grace Sherrin, are minor children and sole heirs at law of John Sherrin, deceased, aged respectively six and three years. That the said John Sherrin died, leaving no wife. That the said William Honn is their duly appointed and qualified next friend.

"That the defendant is a corporation duly organized under and by virtue of the laws of the state of Missouri, and as such, at and before the time hereinafter mentioned, owned and operated a railroad from the city of St. Joseph in Buchanan county, to Richmond and Lexington Junction, in Ray county, Missouri, and in and through Clinton county, Missouri.

"That John Sherrin, the father of plaintiffs, was, at the time hereinafter mentioned, employed by defendant

in the capacity of foreman of what is called an extra gang of men, by virtue of which employment he had in his charge and under his control a force of ten men, who were subject to his orders; that as such foreman he was subject only to the orders of defendant's road-master, and was subject to be sent to any part of defendant's road by such roadmaster to, do extra work thereon. That is, such work as did not properly fall within the duty of any local men, or was not assigned to other employes of defendant, and in the discharge of said duties the said Sherrin was furnished by defendant with a handcar for his use in and about his duties aforesaid, and for the purpose of transporting the men in his charge from place to place, and to and from their labor, along the line of defendant's railroad.

"That on the —— day of ——, 1887, the said John Sherrin, in the discharge of his duty, was passing along the line of defendant's railroad in charge of his force of men on said handcar, and when at a point about one mile east of Plattsburg on said road, the local section boss of defendant, in charge of and operating another handcar, negligently run the said handcar against the car upon which said Sherrin and his men were riding as aforesaid, thereby throwing said Sherrin from and in front of his said car, so as to cause both of said cars to run over him, causing injuries from which he died on the —— day of ——, 1887.

"Plaintiff states that said handcar so negligently managed and operated was at the time in charge of and being operated by one Ben. Fort, a local section boss of defendant, and the employes of defendant in his charge, and under his direction, and the same was furnished by defendant to said Ben. Fort, to be used by him in and about his duties as said section boss, and in transporting the men in his control, while laboring for defendant, from place to place along defendant's railroad, and to and from their labor in keeping the track and roadbed of defendant in repair in his section.

"That said Ben. Fort was the local section boss of defendant, stationed by defendant at Plattsburg aforesaid, and was, as such section boss, subject only to the orders of defendant's roadmaster aforesaid, and defendant had placed him in charge of said section of defendant's track in which the injury occurred, and given said Fort charge and control of a force of ten men; that it was the duty of said Fort to employ and discharge his men, superintend and direct their work, keep their time, direct their movements, transport them to and from their work and along defendant's line of road whenever their work required, and was furnished by defendant with a handcar for that purpose.

"That said car upon which Sherrin was riding at the time of the injury was run into by reason of the negligence and carelessness of the said Ben. Fort, and the men in his charge, operating their said car, in the performance of his duties as boss of said local gang of men, and by his carelessness in running, operating and controlling said handcar.

"Plaintiffs state that the said Sherrin was injured and killed as aforesaid by reason of the negligence of said Fort and the employes of defendant under his direction in the charge of the same in running and operating the same at the time and place aforesaid, to plaintiffs' damage in the sum of $5,000, for which they pray judgment.          SHERRY & HUGHES,
                    "THOMAS J. PORTER,
                    "Attorneys for Plaintiffs."

To which petition the defendant, on May 28, 1888, filed the following demurrer :

"Maggie Sherrin & Grace Sherrin, by Honn, next friend, plaintiffs,

v.

"The St. Joseph & St. Louis Railroad Company, defendant.

In the circuit court of Clinton county, Missouri, May Term, 1888.

"Now comes defendant and demurs to plaintiff's second amended petition herein and for cause thereof says:

"*First.* That said petition fails to state facts sufficient to constitute a cause of action.

"*Second.* That this second amended petition is a new and different cause of action from the cause of action stated in the first amended petition, and upon which a trial was held at the last term of this court.

"JAS. LIMBIRD,

"Attorney."

The court sustained the demurrer, the plaintiffs excepted to the judgment of the court in sustaining the demurrer at the time, and in due time filed motions for new trial and in arrest of judgment, which being overruled and excepted to, they filed affidavit, and their appeal was allowed.

Assignment of errors: *First.* The court erred in sustaining the demurrer.

*Second.* The court erred in overruling plaintiff's motion for new trial.

*Third.* The court erred in overruling plaintiffs' motion in arrest of judgment.

The only question before us is whether the court erred in sustaining the demurrer in this case. The court evidently sustained the demurrer on the first ground assigned, that the facts alleged in the petition showed that the deceased was a fellow servant with Fort, and the men in his employ, by whose negligence it was charged deceased was injured.

A master is not, in general, liable to his servant for damage resulting from the negligence of a fellow servant in the course of their common employment. *Rohback v. Railroad*, 43 Mo. 187; *Proctor v. Railroad*, 64 Mo. 112. In *Moore v. Railroad*, 85 Mo. 588, this court said: "If we may venture a general proposition on the subject, it is that *all are fellow servants*, who are engaged in the prosecution of the same common

work, having no dependence upon or relation to each other, except as colaborers without rank, under the direction and management of the master himself or of some servant placed by the master over them.

There may be some nicety and difficulty in peculiar cases in deciding whether a common employment exists, but, in general, by keeping in view what the servant must have known or expected to have been involved in the services which he undertook, a satisfactory conclusion may be reached. It is useless to try to reconcile the various cases in the different states on this subject, and we will not attempt it.

Counsel for appellant relies upon *McDermott v. Railroad*, 87 Mo. 285, in which this court held, "that a section foreman, who is intrusted by the railroad company with power to superintend, direct and control the workmen under his charge, is not a fellow-servant of such workmen." That case, however, is so unlike this, that it can have no application. Here, according to the averments of the petition, Sherrin, the deceased, and Fort were both section foremen; they were in the employment of the same company; they were engaged in the same department of work, one as a regular section foreman, with a particular piece of road to look after and keep in repair, the other as foreman of an extra gang, whose duty it was to look after and keep in repair such part of the road as "did not properly fall within the duty of any local man, or was not assigned to other employes of defendant." Both were subject only to the orders of one roadmaster. *Neither had any control or supervision of the other.* Both used handcars going to and from their work, and both were rightfully on the track of their common employer, at the time of the accident.

In *Railroad v. Ross*, 112 U. S. 390, quoted with approval by this court in *Smith v. Railroad*, 92 Mo. 359, it was said: "There is a clear distinction to be made in their relation as to their common principal,

between servants of a corporation exercising no super-vision over others engaged with them in the same employment, and agents of the corporation clothed with the control and management of a *distinct depart-ment*, in which their duty is entirely that of *direction* and *superintendence.*"

In the *McDermott case*, Dawson, the section fore-man, ordered McDermott, one of his gang, to remove· the handcar from the track, and, in the endeavor so to do, he was struck and injured. It was held that·Daw-son was *a vice-principal.* It was Dawson's relation to McDermott, his right to direct and control him, how-ever, that moved the court to regard him as a vice-principal. In the case at bar, the petition shows no such relation between Sherrin, the deceased, and Fort. Neither had the least supervision or authority over the other.

Nor are we able to adopt the argument of appellant that, because Fort was controlling the car which ran over Sherrin, while performing a duty defendant was bound to perform, namely, keeping the tracks of defendant in repair, that any negligence, of which he was guilty, would be imputed to the company. It is confounding two distinct rules of law, namely: The *one* which requires the master to use due care in fur-nishing the instrumentalities with which the servant is to do his work, and which is personal to the master, and renders him liable for a failure in that respect; and the other, that a master is not liable to his servant for the negligence of his fellow servant in the same com-mon employment. In this case, it is clear, from the petition, that Sherrin and Fort bore the same relation to the company.

If it be said that Fort *pro hac vice* was the *alter ego* of the company, its vice-principal, and was performing a duty devolving upon the company, to repair and keep in safe condition its track, so also Sherrin was there performing a similar service of the same grade. Each

must have contracted with a knowledge that the other's service was necessary, and his liability to neglect it in some way was one of the ordinary risks he was assuming.

It is not charged that Fort had failed, in any respect, in keeping his section in repair ; the negligence complained of is his personal act of carelessness in running his handcar so as to collide with Sherrin's.

The nature of their common work, the reasonably safe character of the instrumentalities necessarily used, the opportunities each would have of observing the other's conduct, the fact that they were in the same department under a common roadmaster, all conduce us to hold they were fellow servants within the meaning of the law, and the company was not, under the allegations of this petition, liable for the negligence of Fort. The demurrer was properly sustained, and the judgment is affirmed. All the judges of this division concur.