HIGGINS, *Appellant*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.

DIVISION TWO.

1.   **Negligence:** FELLOW SERVANTS.   A master is not liable to his servant for damage resulting from the negligence of his fellow servant in the course of their common employment, unless the servant causing the injury is incompetent to discharge his duty, and the master knew of the incompetency.

2.   Railroad: FELLOW SERVANTS.   An engineer and laborer on a railroad construction train are fellow servants where they work under the same conductor, derive their authority and compensation from the same common source, and are engaged in the same general business, though in a different grade of the common service.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*C. P. & J. D. Johnson* for appellant.

(1)   The petition states a cause of action against the defendant, and all the allegations thereof are to be taken as admitted by the demurrer. (2) Under the allegations of the petition, the engineer, whose negligence occasioned the death of the deceased, was not a fellow servant of the latter.   He was the vice-principal or *alter ego* of the defendant, and the defendant is responsible for the consequences of his negligence. *Moore v. Railroad*, 85 Mo. 591 ; Wood's Law of Master & Servant [2 Ed.] sec. 438, p. 871.

*Bennett Pike* for respondent.

The demurrer was properly sustained.   It only admitted facts properly pleaded, and not legal conclusions.   The statement in the petition that it was the duty of the defendant railway company to protect the deceased as a laborer upon a construction train against danger of injury from the negligence of the locomotive engineer, in failing to ring the bell or give a signal, when he was about to start the train, is a mere conclusion of the pleader, and not the statement of an issuable fact.   The same may be said of the allegation that the duty of ringing the bell, or giving a signal, when about to start the train, was delegated to the engineer, as a part of the master's personal duty to the said laborer. *Holden v. Railroad*, 2 Am. & Eng. R. R. Cases, 94, and

cases cited and commented upon therein; *Gibson v. Railroad*, 46 Mo. 163; *Brothers v. Carter*, 52 Mo. 372; *Moss v. Railroad*, 49 Mo. 167; *Smith v. Potter*, 2 Am. & Eng. R. R. Cases, 140; *Slater v. Jewett*, 85 N. Y. 61; *Rose v. Railroad*, 58 N. Y. 217; *Moore v. Railroad*, 85 Mo. 594; *Smith v. Railroad*, 92 Mo. 369; *Railroad v. Ross*, 112 U. S. 390; *Sheehan v. Railroad*, 91 N. Y. 332; *Snider v. Railroad*, 60 Mo. 413.

GANTT, P. J.—On the thirty-first day of May, 1888, the plaintiff filed in the St. Louis circuit court an amended petition stating her cause of action, as follows.

"Now at this day comes the plaintiff, Mary A. Higgins, and by leave of court first had, files this, her amended petition; and for cause of action against the defendant, the said Missouri Pacific Railway Company, states, that the said defendant is a corporation duly organized and existing under and by virtue of the laws of the state of Missouri, and as such owns and operates, and at the times hereinafter set forth owned and operated, locomotives and trains of cars upon and over a certain railway and tracks extending westwardly from said city of St. Louis, through the county of St. Louis and other counties, to Kansas City, in the state of Missouri.

"And plaintiff states further, that she was lawfully married to one Michael J. Higgins in the year, 1860, and continued to live and cohabit with said Higgins as his wife until on or about the ninth day of November, 1887, on which day the said Higgins departed this life.

"And the plaintiff states further, that on the said ninth day of November, 1887, the said Higgins was, and for a long time prior thereto had been, in the employ of the defendant as a laborer in and upon a construction train owned and operated by it along and upon its said railway tracks; that upon the said day the

said construction train was at and upon what is known as Dozier Switch, a part of the said railway in the said county of St. Louis; that said train then and there consisted of seventeen or eighteen open, unguarded, flat cars, with a locomotive engine attached thereto, which said engine was used for the purpose of propelling the said train; that the said engine was then and there in charge, and under the management and control, of one Gallagher, an engineer, who was then and there and for that purpose a servant of the defendant; that one Michael Murphy, a conductor, and an agent and employe of defendant, then and there had control and direction of the movements of said train, but that the said engineer, as said servant of the defendant, then and there had the exclusive charge and management of the said locomotive, and of the stopping and starting of the said train therewith; that the said open flat cars were then and there loaded with dirt and gravel, intended to be used by the defendant for the purpose of ballasting its said tracks; that the said engineer in charge of the said locomotive engine, as aforesaid, then and there ran said train upon said switch from the main track of said railway for the purpose of permitting another train of defendant to pass over said main track at the point aforesaid; that the said Higgins was, under his employment, required to be, and was, upon one of the said unguarded flat cars; that said work and employment was hazardous, in that said Higgins and his said coemployes, who were then and there engaged in the same employment with him, were liable to be thrown from said cars by the starting of the said train without notice to them of the intended starting of the same, as the defendant then and there well knew; that the defendant was under obligations and in duty bound to protect the said Higgins and his said coemployes in their said employment on said cars, by giving to him and them timely and reasonable notice of the fact that said train was about to be started, when it was intended to

be so started by those in charge of and managing the same ; that the defendant delegated the performance of its said duty to the said engineer in charge of and managing said engine, and for that purpose, and in pursuance thereof, it was made the duty of the said engineer to give to said Higgins and to his said coemployes on said cars notice of the fact that said train was about to be started by sounding the steam whistle of said engine or ringing the bell thereof, or both sounding the said whistle and ringing the said bell ; that it was then and there and thereby the duty of said engineer, as the representative of the defendant in that behalf, to sound said whistle or ring said bell in the manner and for the purpose aforesaid, and that it had become and was the custom, at and prior to the said date, that the said engineer and other engineers in charge of the engine which was being used to operate said construction train, to give the said signals as aforesaid, and the said Higgins and his said coemployes, by reason of the premises, then and there and theretofore relied upon said signals being given, as aforesaid, as a means of protecting them against the said danger incident to the said employment, as aforesaid, all as the defendant then and there well knew ; that, notwithstanding the premises, the said engineer in disregard of his duty and of the duty of the defendant, as aforesaid, on the said ninth day of November, 1887, negligently started said locomotive engine and train while the same stood upon said track, and while the said Higgins was on one of the cars thereof, under his employment, as aforesaid, without first giving the said signal to the said Higgins and his said coemployes of the said engineer's intention so to do ; that, by means thereof, said Higgins was thrown from said car on which he was then and there standing onto the said track, and the wheels of one or more of the cars of the said train passed over him and inflicted injuries from which he then and there died.

" And plaintiff states further, that the said Michael J. Higgins was then and there in the exercise of reasonable care, and did not in any way contribute to the said injuries which resulted in his death. And plaintiff states further, that the said engineer was then and there, and in that behalf, the vice-principal of the defendant, and his said act and negligence was the act and negligence of the defendant.

" And plaintiff states further, that the said Higgins, at the time of his death, was forty-seven years of age, was sound of body and mind, and capable of, and was, earning an income of $45 per month ; that plaintiff was dependent upon him for her support and maintenance ; and that she had sustained damages, by means of the premises, in the sum of $5,000.

" Wherefore, she prays for judgment against the defendant for the sum of $5,000, in accordance with the provisions of the statute in such case made and provided, together with her costs in this behalf expended."

On the first day of June, 1888, defendant filed a demurrer to said petition, setting up the following grounds :

"Now comes said defendant and demurs to the amended petition in the above-entitled cause filed, for the reason that same does not state facts sufficient to constitute a cause of action.

" *Second.* Because the statement in said petition, that the said engineer of defendant was in management of the locomotive attached to the train, mentioned in said petition, by which the accident is alleged to have been caused, was the vice-principal of the defendant, is not the averment of an issuable fact, but the statement of a legal conclusion, there being no statement therein of any of the duties imposed upon said engineer, and no statement of any facts therein showing, or tending to show, that said engineer was, in any manner, in the performance of his usual duties, a vice-principal of defendant."

Which said demurrer was by the court, on the nineteenth day of June, 1888, sustained. Thereupon, plaintiff declining to plead further, final judgment was entered of record for defendant.

It is clear, notwithstanding the somewhat ingenious allegations of the petition, that the deceased Higgins and the engineer, Gallagher, were fellow servants. They were serving the same master, working under the same conductor, derived their authority and compensation from the same common source, and were engaged in the same general business, though in a different grade of this common service. A master is not liable to his servant for damage resulting from the negligence of his fellow servant in the course of their common employment, unless the servant causing the injury is incompetent to discharge his duty, and the master has notice of this incompetency. It is not deemed necessary to discuss at length the reasons of the rule. It is settled both upon reason and authority. *Priestly v. Fowler*, 3 Meeson & Welsby, 1; *Warner v. Railroad*, 39 N. Y. 468; *Railroad v. Murphy*, 53 Ill. 336; *Dallas v. Railroad*, 61 Texas, 196; *Dobbin v. Railroad*, 81 N. C. 446; 31 Am. Rep. 512; *Railroad v. Rider*, 62 Texas, 267; *Railroad v. Tindall*, 13 Ind. 366; *Moore v. Railroad*, 85 Mo. 588; *Sherrin v. Railroad*, 103 Mo. 378.

The demurrer was properly sustained and the judgment is affirmed. All concur.