SCHLERETH v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

In Banc, March 20, 1893.

1. **Negligence:** RAILROAD: FELLOW-SERVANTS. A railroad locomotive engineer and a track repairer in the service of the same company are not fellow-servants within the rule exempting masters from liability for injuries received through the negligence of a fellow-servant.

2. ——: ——: ——. The deceased, a track repairer in the company's service, while walking along its track to work was killed by a locomotive going in the same direction. The track was level and the view unobstructed. The engine and tender had followed deceased a few moments after he started and had only gone about thirteen hundred feet when the accident occurred. *Held*, that while the deceased may have been guilty of contributory negligence in walking upon the track and in not seeing the engine, yet the case was properly submitted to the jury on the issue whether the engineer used proper care to see the danger in which deceased had placed himself and to avoid injuring him.

3. ——: ——: ——: EVIDENCE. Where the widow of the deceased sues in such case to recover on account of his death, evidence of the number of her children and of the condition of her health is not error.

4. ——: ——: ——: DAMAGES. The deceased and the engineer not being fellow-servants, the damages are the fixed statutory penalty of $5,000 prescribed by Revised Statutes, 1879, sec. 2121.

5. Practice: EXPERT TESTIMONY, OBJECTION TO. Where the testimony of an expert witness is deemed objectionable because it does not appear that he was sufficiently qualified to testify as an expert, an objection to such testimony because "incompetent and improper" is too general. (*Alcorn v. Railroad*, 108 Mo. 81, *distinguished.*)

6. Negligence: RAILROAD: EMPLOYE: ASSUMPTION OF RISKS. The fact that the deceased, when he engaged in the company's service, assumed the risk of injuries from the negligence of his co-employes, did not relieve the engineer from the duty of looking out for and avoiding injury to deceased.

7. ——: ——: VIOLATION OF CITY ORDINANCE. Running a train in city in violation of a city ordinance is negligence *per se*.

8. Practice, Appellate: DAMAGES: HARMLESS ERROR. Error of the court in charging the jury that the widow in this case could recover her actual damages not exceeding $5,000 is immaterial where she is entitled to recover, if anything, the fixed sum of $5,000.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*H. S. Priest* and *H. G. Herbel* for appellant.

(1) The court erred in admitting incompetent and illegal evidence offered by plaintiff against defendant's

·objections. *Stephens v. Railroad,* 96 Mo. 214; *Beems v. Railroad,* 58 Iowa, 150; s. c., 6 American & English Railroad Cases, 227; *Railroad v. Gower,* 85 Tenn. 465; s. c., 31 American & English Railroad Cases, 168; *Railroad v. Reeves,* 11 S. W. Rep. 465; *Railroad v. Roy,* 102 U. S. 459; *Gourley v. Railroad,* 35 Mo. App. ·87; *Igo v. Railroad,* 38 Mo. App. 377. (2) The court ·erred in overruling defendant's demurrers to the evidence. *Harlan v. Railroad,* 65 Mo. 25; s. c., 64 Mo. ·480; s. c., 66 Mo. 26; *Lennox v. Harrison,* 88 Mo. 496; *Breckenridge v. Ins. Co.,* 87 Mo. 77; *Fitzgcrald v. Barker,* 85 Mo. 22; *Railroad v. York,* 12 S. W. Rep. 70; *Kennedy v. Railroad,* 43 Mo. App. 3; *Bell v. Railroad,* 86 Mo. 612; *Fath v. Railroad,* 16 S. W. Rep. 915; *Robertson v. Railroad,* 84 Mo. 121; *Reagan v. Railroad,* 93 Mo. 352; *Barker v. Railroad,* 98 Mo. 53; *Couley v. Railroad,* 38 Minn. 81; *Taylor v. Railroad,* 86 Mo. 462; *Lenix v. Railroad,* 76 Mo. 91; *Loeffler v. Railroad,* 96 Mo. 267; *Higgins v. Railroad,* 16 S. W. Rep. 409; *Schaub v. Railroad,* 16 S. W. Rep. 924; *Corbett v. Railroad,* 26 Mo. App. 628; *Murray v. Railroad,* 12 S. W. Rep. 252; *Elliot v. Railroad,* 38 American & English Railroad Cases, 62; *Railroad v. Wachter,* 60 Md. 395; s. c., 15 American & English Railroad Cases, 191. (3) The court erred ·in refusing to give the instructions asked by defendant. *Railroad v. Wachter,* 60 Md. 395; *Williams v. Railroad,* 96 Mo. 280. (4) The court erred in giving the instructions it did at plaintiff's instance. *Dahlstrom v. Railroad,* 96 Mo. 102; *Bell v. Railroad,* 72 Mo. 50; *Stillson v. Railroad,* 67 Mo. 671; *Fath v. Railroad,* 16 S. W. Rep. 915; *Robertson v. Railroad,* 84 Mo. 121; *Thomas v. Babb,* ·45 Mo. 384; *Duke v. Railroad,* 99 Mo. 351; *Gessley v. Railroad,* 26 Mo. App. 161; *Railroad v. State,* 41 Md. ·272. (5) The instructions given by the court of its ·own motion were erroneous. *Railroad v. Ryder,* 62

Tex. 270; *Wilmott v. Railroad*, 16 S. W. Rep. 502; *Zimmerman v. Railroad*, 76 Mo. 490; *Devitt v. Railroad*, 50 Mo. 305; *Ravenscraft v. Railroad*, 27 Mo. App. 623; *Barr v. K. C.*, 16 S. W. Rep. 485; *Stoher v. Railroad*, 91 Mo. 518. (6) The court erred in not rebuking plaintiff's counsel for making the remarks objected to by defendant in his address to the jury. (7) The verdict was excessive, and the court erred in not sustaining defendant's motion for new trial.

*E. P. Johnson* for respondent.

(1) The running of the engine had no connection with the work of the section men in this case, and Schlereth was not a fellow-servant with the trainmen runnning the engine. *Dayharsh v. Railroad*, 103 Mo. 570; *Sullivan v. Railroad*, 97 Mo. 113; *Schlereth v. Railroad*, 96 Mo. 509; *Tabler v. Railroad*, 93 Mo. 79; *Smith v. Railroad*, 92 Mo. 359; *Moore v. Railroad*, 85 Mo. 588; *Hall v. Railroad*, 74 Mo. 301; *Lewis v. Railroad*, 59 Mo. 495. (2) Schlereth, although on his way to work, was not on duty in the sense of that term that would have deprived him of a right of action for an injury caused by the negligence of a fellow-servant. *Baird v. Pettet*, 70 Pa. St. 481; *Railroad v. Trainor*, 33 Md. 554; *State v. Railroad*, 63 Md. 433; *O'Donnell v. Railroad*, 59 Pa. St. 245; *Russell v. Railroad*, 5 Duer, 41; *Washburn v. Railroad*, 3 Head, 638; *Hutchinson v. Railroad*, 6 Am. & Eng. Railroad Cases, 588; *Carroll v. Railroad*, 88 Mo. 245. (3) The engineer of the engine that struck deceased had the entire control of it at that time, and therefore directly represented the appellant, as much so as if he had been its president; and he was running said engine on the time of a regular train. These facts being undisputed, the question of fellow-servant, as between said engineer and deceased, does

not properly arise in this case. *Miller v. Railroad,* 19 S. W. Rep. 58; *Bluedorn v. Railroad,* 18 S. W. Rep. 1103; *Dixon v. Railroad,* 19 S. W. Rep. 412. (4) When this case was here before it was reversed and remanded. One of the points then insisted on was, that the deceased and said engineer were fellow-servants. The opinion reversing the case makes no mention of this point; but it was necessarily decided in favor of respondent, or the case would not have been remanded. *Nutter v. Huston,* 42 Mo. App. 363; *Hayden v. Grillo,* Id. 1, and the question is now *res adjudicata* and should not be disturbed; *Bank v. Taylor,* 62 Mo. 338; *Belch v. Miller,* 37 Mo. App. 628. (5) The presumption of law is, that Schlereth was exercising ordinary care at the time of his injury, and was not guilty of contributory negligence (but appellant under the instructions had the full benefit of such a plea). *Parsons v. Railroad,* 94 Mo. 286; *Petty v. Railroad,* 88 Mo. 320; *Schum v. Railroad,* 77 Pa. St. 8; *Swigert v. Railroad,* 75 Mo. 480; *Buesching v. Gas Co.,* 73 Mo. 233; *Flynn v. Railroad,* 78 Mo. 195 (6) The petition was sufficient to authorize a recovery on the ground that the servants of respondent might, by the exercise of ordinary care, have seen the deceased in peril in time to have avoided injuring him. *Hilz v. Railroad,* 101 Mo. 36; *Kellney v. Railroad,* 101 Mo. 67; *Neir v. Railroad,* 12 Mo. App. 35; *Carroll v. Railroad,* 88 Mo. 241; *Carlisle v. Packet Co.,* 82 Mo. 42; *Mack v. Railroad,* 77 Mo. 234; *Ellet v. Railroad,* 76 Mo. 535. (7) The court should also have instructed the jury to render a verdict in the sum of $5,000, under the first clause of section 2121, Revised Statutes, 1879; *Becke v. Railroad,* 102 Mo. 544; *King v. Railroad,* 98 Mo. 235; *Crumpley v. Railroad,* 98 Mo. 34; *Sullivan v. Railroad,* 97 Mo. 113.

BURGESS, J.—This is the second appeal by defend-ant in this case. The opinion of the court on the first appeal will be found reported in 96 Mo. 509, including a full and fair statement of all the facts of the case as they existed at that time.

After the case was reversed and remanded defend-ant filed an amended answer alleging contributory neg-ligence and with that exception the case was tried on the pleadings as they were at the time of the first trial. The evidence tended to establish the theory of the plaintiff and also contributory negligence on the part of deceased.

At the close of the case defendant prayed the court to instruct the jury as follows:

"1. Now comes defendant and moves the court, at the close of the testimony in the whole case, to instruct the jury that under the evidence and pleadings in the above entitled cause, the plaintiff is not entitled to recover.

"2. If the jury find from the evidence that the deceased husband of plaintiff at the time of and prior to the accident had been engaged and employed as such track repairer upon the tracks of defendant's railway on the section of such railroad extending west from Tower Grove station thereon in the city of St. Louis to Sutton a distance of about five miles for sev-eral years immediately prior to the time of said acci-dent to him; that just prior to the accident by which he lost his life he started to walk from said Tower Grove station upon a track of defendant to a point near said King's Highway on said railway to engage in the repairing of defendant's tracks thereat, and if the jury further find from the evidence that the said employ-ment of the said deceased by defendant necessarily brought him frequently and constantly into contact

with the traffic of defendant's railway, while actually engaged in his said work on the said road and in going to and returning from his said work thereon, the risk of injury from the carelessness and negligence of those managing that traffic or engaged in operating engines, cars and trains of cars of defendant upon the tracks upon said line of railway at the place of the accident was one of the risks naturally and reasonably incident to the employment and engagement of said deceased by said defendant, and was one of the risks that the deceased husband of plaintiff assumed when he went into and remained in such employment.

"3. The court instructs the jury that the deceased husband of plaintiff, Anton Schlereth, while walking upon the tracks of defendant's railway between Tower Grove station, situated near said railway, and King's highway, in said city of St. Louis, was a trespasser thereon, and if the jury find from the evidence that there were no streets crossing said tracks from said Tower Grove station to a point on said tracks where he was struck, then the defendant's employes were not bound to watch for him on said tracks, and the defendant can only be liable for injury to said deceased while so walking on said tracks for failure of the engineer in charge of said engine to use all reasonable means in his power to avoid striking him after seeing and discovering the peril that he was in, and if the jury further find from the evidence that the engineer in charge of said engine immediately upon discovering the danger of said deceased upon said tracks sounded the whistle, reversed his engine and applied the air brake, then he was guilty of no negligence, and there should be no recovery in this case upon such alleged ground of negligence.

"4. Although the jury may find from the evidence that defendant's employes in charge of the locomotive

engine were guilty of negligence in running the same at the time of the accident at a greater rate of speed than six miles an hour or in failing to ring the bell constantly while running on the track of defendant's railway from Tower Grove station to the point of the accident, yet if they further find from the evidence that the accident to the deceased husband of plaintiff could have been avoided by him, by the exercise of ordinary care while walking on the track of the defendant, and that he failed to use such care as a person of ordinary prudence would have used under the circumstances in which said deceased was, prior to and at the time of the accident, and that the injury to him was caused directly in whole or in part in consequence of his failure to use such ordinary care, then the verdict should be for defendant."

Which instructions the court refused to give to the jury, to which action of the court in refusing to give each and all of them, defendant at the time duly excepted.

The court at the instance of plaintiff gave to the jury the following instructions:

"1. The jury are instructed that if they believe from the evidence that on or about the twenty-sixth day of November, 1884, the plaintiff and one Anton Schlereth were husband and wife, and that Anton died on or about said day, and left the plaintiff surviving him as his widow, and that on or about said day, the defendant by its officers, agents, servants or employes, was running, conducting or managing one of its locomotives, and that said locomotive was then running on, along and over defendant's line of railway within the limits of the city of St. Louis, and that said locomotive was then run against or upon the body of said Anton, and that said Anton was then struck with said locomotive and injured, and that said Anton died of such

injury, on or about said day, and that such striking of said Anton and injury to him resulted from or was occasioned by the negligence, as defined in the other instructions herein, of any of said officers, agents, servants or employes of defendant whilst running, conducting or managing said locomotive, at or prior to the time said locomotive was run against or upon the body of said Anton, they will find a verdict for the plaintiff, unless the jury shall believe from the evidence that the deceased Anton Schlereth was injured by his own negligence as stated in other instructions.

"2. The jury are further instructed that if they believe from the evidence that Anton Schlereth was on or about the twenty-sixth day of November, 1884, struck and injured with a locomotive of the defendant then being propelled by steam power, on, along or over defendant's line of railway, and within the limits of the city of St. Louis, and that at or prior to the time that said Anton was struck and injured, said locomotive was running at a rate of speed exceeding six miles per hour, and that in consequence of said rate of speed of said locomotive being in excess of six miles per hour the said Anton was struck and injured, the officers, agents, servants or employes of the defendant then running, conducting or managing said locomotive were guilty of negligence.

"3 The jury are further instructed that if they believe from the evidence that Anton Schlereth was on or about the twenty-sixth day of November, 1884, struck and injured with a locomotive of the defendant, then being propelled by steam power on, along or over the defendant's line of railway, and within the limits of the city of St. Louis, and that at or prior to the time that said Anton was so struck and injured, the bell of the engine of said locomotive was not constantly sounded while moving within the limits of said

city, and approaching the place where said Anton was so struck and injured, and that said Anton was so struck and injured, in consequence of the fact that the bell of said engine of said locomotive was not so constantly sounded while said locomotive was moving within the limits of said city, and approaching the place where said Anton was so struck and injured, the officers, agents, servants or employes of defendant then running, conducting or managing said locomotive, were guilty of negligence.

"4. The jury are further instructed that if they believe from the evidence that Anton Schlereth was, on or about the twenty-sixth day of November, 1884, struck and injured with a locomotive of the defendant's that was then running on, along or over defendant's line of railway in the city of St. Louis, and that although they may further believe from the evidence that said Anton was then and there guilty of negligence, that was the proximate cause of or that contributed directly to his said injury, yet, if they still further believe from the evidence that the officers, agents, servants or employes of the defendant then running, conducting or managing said locomotive discovered the danger or peril to which said Anton was then and there exposed in time to have avoided so striking and injuring him and failed to do so, they were guilty of negligence for which defendant is liable.

"5. The jury are further instructed that by the term ordinary care as used in the instructions herein is meant that degree of care which a person of ordinary care and prudence would use under the circumstances.

"6. The jury are further instructed that, if they find a verdict for the plaintiff herein, they will assess her damages at such sum as they may believe from the evidence she sustained, and that they may deem fair

and just, with reference to the necessary injury resulting to her from the death of said Anton, not exceeding the sum of $5,000, and in estimating the same they will base their estimate upon what they may believe from the evidence is the value of her support by him from the time of his death during the time he would probably have lived and supported her if he had not been so injured and killed."

The court at the instance of defendant gave to the jury the following instructions:

"1.  The court instructs the jury that a person who goes upon a railroad track is bound to know that it is a place of danger, and use his eyes and ears constantly for his protection, and that his failure to use such precaution is negligence by itself, and if they further find from the evidence that the deceased husband of plaintiff walked upon defendant's track not at a public crossing without constantly using his eyes and ears for his protection and was struck by the engine in question in consequence of such failure to use his eyes and ears constantly and was killed, then there can be no recovery in this case, notwithstanding they may further find from the evidence that the servants of defendant were guilty of negligence in failing to ring the bell on said engine while running from Tower Grove station to the point of the accident or were operating and running said engine at the time of the accident at a greater rate of speed than six miles an hour, unless the jury further find from the evidence that the servants of defendant in charge of said engine after discovering that the deceased Anton Schlereth was in peril failed to make use of the means in their power to avoid striking him.

"2.  The court instructs the jury that if the deceased husband of plaintiff knew of the near

approach of the engine that ran over him, or might have known of the near approach of the same by the exercise of ordinary care in time to have gotten out of danger, and that he failed to do so, then the plaintiff is not entitled to recover in this case upon the ground that said engine at the time of the accident or immediately prior thereto was running at a greater rate of speed than that allowed by the ordinance read in evidence, or upon the ground that the bell on the engine was not ringing at the time of the accident or prior thereto."

The court of its own motion gave to the jury the following instruction:

"1. Although the jury may find from the evidence that defendant's employes in charge of the locomotive engine were guilty of negligence in running the same at the time of the accident at a greater rate of speed than six miles an hour, or in failing to ring the bell constantly while running on the track of defendant's railway from Tower Grove station to the point of the accident, yet if they further find from the evidence that the accident to the deceased husband of plaintiff could have been avoided by him by the exercise of ordinary care while walking on the track of defendant, and that he failed to use such care as a person of ordinary prudence would have used under the circumstances in which deceased was prior to and at the time of the accident, and that the injury to him was caused directly, in whole or in part, in consequence of his failure to use such ordinary care, then the verdict should be for defendant, unless the jury further believe from the evidence that the servants in charge of said engine saw the said deceased in a perilous position in time to have avoided striking him and failed to make use of the means in their power to avoid striking him."

This case was submitted on the second appeal at the April term of this court, 1891, and an opinion filed

July 1, 1892, by Judge MACFARLANE, then a member of division 2 of this court, which is as follows:

"1. The evidence shows that deceased, the husband of plaintiff, was a track repairer in the employ of defendant. While walking on or along the track of defendant's road, an engine driven at a prohibited rate of speed by an engineer also in the employ of defendant ran upon or against deceased, inflicting the injuries from which he died. It is insisted in the first place that the demurrer to the evidence should have been sustained for the reason, as is claimed, that deceased and the negligent engineer were fellow-servants within the rule which exempts the master from liability for damages to one servant resulting from the negligence of the other. There is no doubt that the weight of judicial authority sustains the position for which defendant contends. *Murray v. Railroad*, 98 Mo. 573.

The majority of the members of this court are of the opinion however that the reasons and policy upon which the rule of exemption has been placed do not extend to those common employes of a railroad corporation occupying the relation to each other sustained by deceased and the engineer. The writer has been of the opinion that the general rule exempting the common master in all cases where the servants are engaged in a common service, has been recognized and approved by the courts of this state for so long a period of time, without change or serious question, that, while the principle has been questioned it had become the settled policy of the state and should only have been changed by legislative action. *Rohback v. Railroad*, 43 Mo. 192, and cases cited in dissenting opinion of GANTT, J., in *Parker v. Railroad*, 109 Mo. 362. The importance of having the rules of law firmly established, especially those under which property rights are held, or the business and wages of large classes of citizens are made

to depend is fully recognized, and we therefore hold in accordance with the late rulings of this court that the husband of plaintiff was not a fellow-servant of the negligent engineer within the rule of exemption. *Sullivan v. Railroad*, 97 Mo. 113; *Parker v. Railroad, supra.*

II. Defendant insists further that it is manifest from all the evidence, that the negligence of deceased directly contributed to his own death, and for that reason the demurrer to the evidence should have been sustained. The evidence shows that deceased had worked for a number of years on the track of defendant's road in the city of St. Louis, and was perfectly familiar with the running of trains thereon. It was shown that of the two parallel tracks one was used exclusively for trains running in one direction and the other for trains running in the opposite direction and that as many as fifty trains ran over these tracks daily. Deceased started to his work walking on the track upon which trains going in the same direction were run. No witnesses saw the train strike deceased and it does not appear that he was struck while on the track or beside it.

The rule is that "the presumption of due care always obtains in favor of a plaintiff in an action to recover damages for an injury sustained by him through the alleged negligence of another." *Petty v. Railroad*, 88 Mo. 320; *Parsons v. Railroad*, 94 Mo. 286. This presumption does not attend one who is a trespasser upon a railroad track or one who goes thereupon without right or license so to do. Revised Statutes, 1879, sec. 809; *Barker v. Railroad*, 98 Mo. 53. Nor do we think it attends one who is making use of a railway track for a footway for his own convenience, though he be an employe of the railway company, or

though so using the track by its acquiescence.    *Loeffler v. Railroad*, 96 Mo. 269.

The fact that deceased was near enough to the track to come into collision with the engine, defendant having the exclusive right to the use of the track at that point, in the absence of explanation, was sufficient to raise a presumption of contributory negligence on his part and the demurrer to the evidence should have been sustained unless the engineer subsequently failed in his duty to deceased. No one saw the accident but the engineer, and he was not a witness on the trial. Deceased started west walking on the track. The road was level and the view along the track unobstructed. The engine and tender followed deceased in a few minutes and had proceded about one thousand three hundred feet when whistles from the engine were heard and deceased was immediately seen lying beside the track. Under the well settled law of this state though deceased by his own negligence had placed himself in a perilous position on the railroad track it was still the duty of the engineer to have avoided striking him if he could have done so after the danger became apparent. *Hanlon v. Railroad*, 104 Mo. 389; *Rine v. Railroad*, 88 Mo. 396; *Kelny v. Railroad*, 101 Mo. 67. In case of a failure to use proper care to prevent the injury after the danger becomes obvious, such failure is itself actionable negligence, notwithstanding the prior or concurring contributory negligence of the injured party. *Rine v. Railroad, supra.*

This humane rule of law applies even to a trespasser in case the perilous situation in which he has placed himself is discovered by the engineer in time to prevent njury to him. *Fiedler v. Railroad*, 107 Mo. 645.

Another well recognized rule of law, founded upon principles of humanity, requires those running engines and trains through populous cities to exercise reason-

able care to discover and avoid injuring those at least who may be upon the track by right or license. *Fiedler Case, supra; Williams v. Railroad*, 96 Mo. 275; *LeMay v. Railroad*, 105 Mo. 361. Though deceased was not, at the time of the injury, engaged in actual work on the track, he was then in the employ of defendant, and on his way to work at a particular place by direction of his foreman. He was not therefore a trespasser under the statutes, or in any other sense. While it is true the rules of defendant were shown to have required trackmen at all times to look out for and avoid engines and trains while they were walking or working on the track, these rules required no more than the instincts of self-preservation dictated, and did not relieve those in charge of engines and trains from the duty of looking out for them, as well as for others in thickly inhabited localities. While, therefore, deceased may have been guilty of contributory negligence in walking upon the track, and not seeing the engine, we think the evidence sufficient to have required a submission to the jury of the issue as to whether the engineer used proper care to see the danger in which the deceased had placed himself, and to avoid injuring him.

III. On the trial plaintiff was allowed to testify as to the number of children her husband left surviving him, and as to the condition of her own health. There was no error in this, the suit being by the widow on account of the death of her husband. *Tetherow v. Railroad*, 98 Mo. 84. In view of the holding in this case, however, that deceased and the negligent engineer were not fellow-servants within the rule which would exempt the master from liability for the death, the damages or the penalty under the statute being fixed at $5,000, the evidence was wholly immaterial. *Sullivan v. Railroad*, 97 Mo. 113; Revised Statutes, 1879, sec. 2121.

IV. A witness with several years' experience and observation of trains, while acting as a watchman of a railroad company, was asked to state, in his opinion, within what distance the engine could have been stopped when running at the speed it was shown to have been running. This question was objected to as being "incompetent and improper." It is now insisted that this evidence should not have been admitted, for the reason that the witness was not qualified to testify as an expert. No question as to the qualification of the witness was specially raised before the trial court. We think the mere objection to the question on the ground of incompetency too general. It is true, as a rule, that the opinion of a witness who is not qualified to speak upon the subject of inquiry is incompetent evidence. The same evidence might also be incompetent for other reasons. Hence it has long been settled law in this state that objections to evidence which is in any manner competent must be specified in order to make an exception to the ruling of the court thereon available. *Margrave v. Ausmuss*, 51 Mo. 561; *Masonic Mutual Benefit Society v. Lackland*, 97 Mo. 137; *State v. Meyers*, 99 Mo. 120.

V. Defendant complains of the action of the court in its refusal to instruct the jury, as requested, that when deceased engaged in defendant's service to work upon its track, he assumed the risks of injury from the negligence of other employes of defendant who were engaged in operating its trains. The negligence charged in this case, and which the evidence tended to prove, was running the engine at a rate of speed prohibited by an ordinance of the city of St. Louis, and failing to give signals required by ordinance. Assuming the correctness of the proposition that deceased did, under his employment, assume the risks of injury from these acts of negligence, that fact, no more than

contributory negligence, did not relieve those in charge of the engine from their duty of looking out for and avoiding injury to deceased and others whose duty required them to be upon the track, and the instruction should have been so qualified. We do not think deceased assumed the risk incident to careless disregard of human life on the part of trainmen, which running an engine in a populous locality without vigilant watchfulness implied.

VI. It was held in the former appeal in this case, that the violation of the ordinance which is here charged as the principal negligent act was negligence *per se*. The question has, since that decision, been ruled the same way by this court *in banc*, and need not be again considered. *Dahlstrom v. Railroad*, 108 Mo. 525.

VII. The court instructed the jury, in substance, that, if plaintiff recovered at all, she was entitled to actual damages not exceeding $5,000. As has been seen, deceased and the engineer not being fellow-servants, plaintiff was entitled to recover $5,000 if anything. The court evidently committed error in its ruling on the measure of damages, but it is an error of which the defendant does not complain, and plaintiff having saved no exceptions in the trial court, and not appealing from the judgment cannot complain."

Subsequently a motion for rehearing was filed by defendant and by reason of a division of the court, the cause was ordered to the court *in banc* for review.

The first contention of defendant is that the decision respecting the doctrine of fellow-servants is in conflict with several controlling decisions of this court, particularly the cases of *Higgins v. Railroad*, 104 Mo. 413; *Schaub v. Railroad*, 106 Mo. 74; *McGowan v. Railroad*, 61 Mo. 528, and *Rohback v. Railroad*, 43 Mo. 192.

The evidence shows that the deceased was a track repairer in the employ of defendant, and while walking along or on the track of defendant, going to his place of labor, an engine while running at a prohibited rate of speed, and while under the control and management of defendant's servants and employes, ran upon or against deceased and inflicted the injuries from which he died. And the decision is bottomed upon the ground that the employes in charge of the engine by which the injuries were inflicted and deceased, although in the service of the same master, were not, under the rulings of this court, fellow-servants, and in this we think that decision amply sustained by authority.

In the case of *Sullivan v. Railroad*, 97 Mo. 113, *supra*, this court held that a track walker on a railroad is not a fellow-servant with a locomotive engineer or fireman of a passenger train, and the principle of this decision has since been followed and affirmed in the cases of *Parker v. Railroad*, *supra*, and *Dixon v. Railroad*, 109 Mo. 413.

In the cases cited by defendant on this point, *supra*, it was held in all of them that the person injured and the person by whose negligence the injury was occasioned were fellow-servants, engaged in the same employment, and therefore the master was not liable.

The next contention is that the decision regarding the effect of the contributory negligence of deceased in failing to observe the rules of the defendant company requiring section men to avoid trains and look out for their own safety while on the track is in conflict with the case of *Renfro v. Railroad*, 86 Mo. 308; *Alcorn v. Railroad*, 108 Mo. 81, and *Schaub v. Railroad*, 160 Mo. 74. This rule requires nothing more of the employe as applied to the facts of this case than is prompted by the natural instincts of the human family, that of self

preservation and protection, and will be presumed to be observed under all circumstances until the contrary is made to appear.

In the cases cited by defendant in support of its position on this point, there was evidence in every instance tending to show that the injury was occasioned by reason of the failure of the injured party to observe some rule of the company, while in the case at bar there was no evidence whatever of this kind except what is to be inferred from the fact that deceased when he started to his work and was last seen before he was hurt was walking on the track. Not only this but in each one of those cases the failure to observe the rules of the company was the direct cause of the injury, and there was nothing indicating or tending to show that the defendant was in the violation of the ordinance of any city in operating its train, or that its servants in the management thereof knew anything about the position of the injured employe before the injury occurred. In this case although the deceased may not have been in the exercise of due care in looking out for approaching trains, yet as there was nothing in the way to have obstructed the view of the engineer, that he might have seen him by the exercise of due care and watchfulness, and as the evidence further shows that the whistle was sounded three times just about the time the injury occurred, it tends strongly to show that the engineer did see him on the track, and if he did not see him because of the failure on his part to exercise due care and watchfulness, or failed to exercise such care after he did see deceased on the track and the injury was occasioned thereby, defendant is liable. Such seems to be the law as announced in the principal opinion in this case, and is abundantly sustained by the authorities cited therein.

The same may be said with reference to the third, fourth and fifth objections taken by defendant to the opinion.

It is further contended by defendant that the ruling of the court in holding that a general objection made in the introduction of evidence is in conflict with the rulings and decisions of this court, and especially with the case of *Alcorn v. Railroad*, 108 Mo. 81. The objection was held well taken in that case although general upon the ground that the inquiry was not pertinent to the issue raised by the pleadings and the evidence was for that reason wholly inadmissible and misleading. In the case at bar the witness of several years' experience and observation of trains, while acting as a watchman of a railway company was asked to state in his opinion within what distance the engine could have been stopped when running at the speed it was shown to have been running. The question was objected to as being "incompetent and improper" and the objection overruled.

The evidence was proper and for that reason the objection should have been, as it was, overruled. It was proper for the purpose of not only showing the rate of speed at which the engine was going at the time of the accident, and whether in excess or not of that fixed by the city ordinance, but it was also competent for the purpose of showing that the engineer did not exercise due care in trying to avert the injury after he discovered the dangerous position of deceased on the track, if in fact he did discover him before the accident.

Had the objection been made because the witness had not shown himself by knowledge and experience to be competent to testify as an expert in regard to the subject-matter of inquiry it would present an entirely different question. The case of *Senn v. Railroad*, 108 Mo. 142, is not in point, and the case of *Alcorn v. Rail-*

*road, supra,* is not in conflict with the authorities referred to in the principal opinion in this case, which presents an unbroken line in regard to such general objections.

The instructions are all copied in this opinion, including those given and refused, and in our opinion present fairly to the jury all of the questions in issue in the case.

The opinion heretofore rendered is adopted as the opinion of the court, and the judgment is affirmed. BLACK, C. J., BRACE and MACFARLANE, JJ., concur. BARCLAY, J., concurs in a separate opinion. SHERWOOD, J., and GANTT, J., dissent.

### SEPARATE OPINION.

BARCLAY, J.—While concurring in the affirmance of judgment and in the general lines of reasoning in the opinions of Judges MACFARLANE and BURGESS, it seems appropriate to remark that the principles announced by the majority of the court in *Parker v. Railroad,* 109 Mo. 362 (18 L. R. A. 802), and in *Dixon v. Railroad,* 109 Mo. 413, touching the law of fellow-servants, do not seem to me to constitute a departure from the settled law of Missouri.

The exemption of the master from liability to one servant for the negligence of another has never been considered applicable unless the two servants were in the same common employment. The *Parker* and *Dixon* cases explained more fully than had been done theretofore the limits of the rule of exemption, and the meaning of "common employment," as applied to various departments of railroad service, but did not, in my opinion, establish any innovation in the law.

GANTT, J. (*dissenting.*)—I. With the greatest respect for my brethren who have prepared the fore-

going opinion and those who have concurred in it, I have not been able to give my concurrence.

It still seems to me illogical to say that the weight of judicial authority sustains the position that defendant is not liable for the acts of the engineer because he was a fellow-servant of plaintiff's husband, and to permit the case of *Rohback v. Railroad*, 43 Mo. 192, which in my opinion is in direct conflict with the opinion of the majority in this case, to remain undisturbed. If this case is law, that is not, and it ought to be overruled. But when we confess that it was *once* the law, and fully sustained by authority, I agree with Judge MACFARLANE, that it does seem the rule ought to be changed by the legislature, and when we consider that as a matter of recent history the legislature has refused to make the change it furnishes an additional reason why we ought not.

II. But independently of the question of fellow-servants I have never been able to fully agree to the conclusion reached.

The evidence shows that the deceased trackman had worked for many years on the track of defendant. It was shown that the rules of the company required trackmen at all times to look out for and avoid engines and trains while at work on the track. It was undisputed that he had not yet reached the point where he was to go to work. It was also undisputed that there was *ample room for him to walk between the tracks*, so that if he was walking on the track, it was wholly uncalled for *at the time* by the nature of his work. I cannot assent to the proposition which excuses him on the ground that he had a right there. I think he had placed himself in a dangerous place *without right* or *invitation of his master, and was a trespasser. Loeffler v. Railroad*, 96 Mo. 269.

But again the fault in the reasoning to my mind is this: The presumption is invoked that deceased *was exercising due care* in the face of the patent fact that if he had not been wrongfully and negligently walking on the track, or had not negligently stood too close to an approaching engine, for which he was bound to look out, he could not have been hurt. It seems to me it is indulging a presumption against all the admitted facts.

It is admitted no witness saw the train strike deceased, and it does not appear he was struck while on the track or beside it. The nature of his wounds show he was not mangled and tend very conclusively to show he was not between the rails. Now is there any rule of law that will deny the engineer in charge of the train the presumption that he too was exercising due care in the management of the engine? If there is not, we have one presumption rebutting another, and the burden resting on plaintiff to show that deceased was on the track long enough for the engineer to see his peril and to prevent the injury after discovering the peril.

I have been carefully through the record and I cannot find a word that would sustain this verdict outside of the presumption of due care, which I hold is most clearly negatived by the facts of the case.

The learned counsel for respondent stated in open court that it was not certain whether deceased was struck by the incoming train from the west or the engine going west. I agree with him that the proof fails to show which train struck him or what he was doing. In other words, to my mind it is purely a matter of conjecture and I do not believe any verdict ought to stand upon mere surmise, and I accordingly dissent. *Wintuska's Adm'r v. Railroad*, 20 S. W. Rep. 819; *Yarnell v. Railroad*, 113 Mo. 570. SHERWOOD, J., concurs in this.