## HARRY W. FLINT *v.* NINA I. FLINT.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 4, 1903. DECIDED NOVEMBER 25, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An exception to a decision of a Circuit Court in a divorce suit on the ground that it is contrary to law and the evidence and the weight of the evidence, is not well taken when the decision is supported by the evidence.

It is not error for a trial court to sustain an objection to a question on cross-examination on the ground that it is "incompetent, irrelevant and immaterial," if the evidence is incompetent for any purpose.

OPINION OF THE COURT BY GALBRAITH, J.

This is an action for divorce on the statutory grounds of cruelty and habitual intemperance. The Circuit Court found that the evidence was "quite conflicting" and that the libellant had failed to make out his case and dismissed the libel. An exception was saved to the decision of the Circuit Court as well as to other rulings in sustaining general objections to

certain questions propounded to witnesses during the hearing.

It is insisted on behalf of the libellant that the decision of the Circuit Court dismissing the bill was "contrary to law and the evidence and the weight of the evidence" and also that it was error for the judge to sustain the general objection, of "incompetent, irrelevant and immaterial," made to certain interrogatories.

The libellant does not contend that the charge of cruelty was sustained but does insist that the charge of habitual intemperance was established by the evidence.

No useful purpose would be served by setting out the evidence in detail. It is sufficient to state on this branch of the case that the evidence introduced on behalf of the libellant tended to prove the charge and, if it had not been contradicted, possibly would have been sufficient to sustain it and that there was testimony produced by the libellee that tended to show that the charge was false. "Under our statute a decision in a divorce case is like the verdict of a jury in that it cannot be set aside or reversed if there is sufficient evidence to support it," *Bartlett v. Bartlett,* 13 Haw. 707, 713. An examination of the transcript shows clearly that the Circuit Judge was justified in finding that the evidence was "quite conflicting." The decision resulting from this finding cannot under the law be disturbed on the ground set out in this exception.

The exceptions to the rulings on objections to testimony are all of the same character and are based on the same ground, namely, that the court erred in sustaining objections to testimony on the ground that it was "incompetent, irrelevant and immaterial."

The court has the power to exclude incompetent testimony of its own motion with objection (1 Jones, Evidence, Sec. 169; 3 *id.* Sec. 896), and as a master of course can exclude it when objection is made although the form of the objection may be general. It is possible that the court considered the evidence excluded as immaterial for any purpose. If the ruling was on that ground we find no error in it. If the objection had not been sustained the rulings possibly would not have availed

the libellee on exceptions for the reason that it was too general. *Railway Company v. Parker,* 94 Ind. 91; *Schlercth v. Railway Company,* 115 Mo. 87, 103. No authorities have been cited that sustain the contention of the libellant on this point and we think it unsound.

There is another reason why these exceptions cannot be sustained. The law is well settled in this jurisdiction that the manner of the introduction of testimony and the latitude to be allowed counsel, particularly on the cross-examination of witnesses, is largely vested in the discretion of the trial court and that this discretion will not be reviewed by the appellate court except in clear cases of abuse. *Booth v. Beckley,* 11 Haw. 521; *Merricourt v. Ins. Company,* 13 Haw. 221. The record in this case not only fails to show any abuse of discretion but proves that the trial court allowed to counsel reasonable latitude in the cross-examination.

The exceptions are overruled.

*Lorrin Andrews* for libellant.

*Jno. W. Cathcart* for libellee.