ELVIRA VICK as Administratrix, etc., Respondent, *v.* THE
    NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY,
    Appellant.

Where a person in the employ of a railroad company travels back and forth from his home to the place where his services are rendered, upon the cars of the company, and his transportation, free of charge, constituted part of the contract of service, while so traveling he is an employe, not a passenger, and for an injury to him through the negligence of a co-employe the company is not liable.

After the removal of defendant's shops from R. to B. many of its employes at R. who still continued to reside there remained in its employ under an agreement that they were to be taken to B. every Monday morning, and brought back Saturday evening, free of charge, their wages beginning when they reached the shops in B., and ending when they left them. They were carried in a car called a shop car, in which other persons, who paid fare, were permitted to ride. G., plaintiff's intestate, who had been in defendant's employ in R., but was not employed at the time of the removal, after such removal applied for and was employed in his former position, with the agreement that he should be passed with the other employes in the shop car, and he was paid for his work in accordance with the arrangement stated. All of said employes traveled under a pass given to the master mechanic. In going from R. to his work at B. in the shop car an accident occurred, caused by the negligence of defendant's em-

ployes, and G. was killed.   In an action to recover damages, *held*, that he was an employe at the time, not a passenger, and defendant was not liable.

*O'Donnell* v. *A. V. R. R. Co.* (59 Penn. St. 239), disapproved.

(Argued February 27, 1884 ; decided March 11, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for the death of George Vick, plaintiff's intestate, alleged to have been caused by defendant's negligence.

In December, 1878, the deceased, while riding in defendant's shop car, so called, from Rochester to Buffalo, received injuries through a collision caused by negligence of defendant's employes, from the effects of which he died.

The circumstances connected with the accident, so far as material, are stated in the opinion.

*Edward Harris* for appellant.   The plaintiff's intestate, being at the time of the accident which caused his death in the defendant's shop car as its employe, plaintiff was not entitled to recover any damages by reason of his death.   (*Ross* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 488 ; 74 N. Y. 617 ; *Russell* v. *H. R. R. R. Co.*, 17 id. 134 ; *Gillshannon* v. *Stony-brook R. R. Corp.*, 10 Cush. 228 ; *Seaver* v. *B. & M. R. R.*, 14 Gray, 466.)

*Wm. S. Oliver* for respondent.   The master can only set up the relation of master and servant as a defense to an action of a servant where the injuries were received while engaged in his employment.   If the master's negligence is a matter extraneous to his specific employment, or if the injury be received at a time when the servant is not engaged in his duties, then the servant occupies the position or status of a stranger.   (17 Wall. 508 ; *Washburn* v. *R. R. Co.*, 3 Head (Tenn.), 639 ; *Gillen-water* v. *R. R. Co.*, 5 Ind. 339 ; *R. R. Co.* v. *Derby*, 14 How. [U. S.] 468 ; *Henderson* v. *R. R. Co.*, 51 Penn. St. 315, 331 ; 33

Md. 542; 41 id. 268; Thompson on Negligence, 1046; *Baird* v. *Pettitt,* 70 Penn. St. 477; *Hutchinson Case,* 5 Exch. 341, 353; *O'Donnell* v. *R. R. Co.* 50 Penn. St. 490; id. 239; Wood on Master & Servant, 779.) A carrier is bound to use the utmost care and caution for the safety of all passengers whom he carries, whether they are free or paying passengers. (58 N. Y. 126; Sherman & Redfield, § 263; Wharton on Neg., §§ 355, 641; 14 How. [U. S.] 468; 16 id. 469; 15 N. Y. 444; 5 Otto [U. S.], 655; 66 N. Y. 313; 107 Mass. 108; 3 Allen, 18.) A pass, purporting to be a free pass, may nevertheless be given for a consideration and the holder be a passenger for hire. (*Stevens* v. *R. R. Co.,* 5 Otto, 657.) The questions submitted to the jury were properly submitted as questions of fact, or of mixed law and fact. (13 N. Y. 533; 71 id. 73; *Packet Co.* v. *McCue,* 17 Wall. 508; *Preston* v. *Knight,* 120 Mass. 5; 2 Thompson on Neg. 899, 1049; *Packet Co.* v. *McCue,* 17 Wall. 508; 22 Hun, 26; 38 N. Y. 353; *R. R. Co.* v. *Stout,* 17 Wall. 663; 58 N. Y. 451; 52 id. 323; 80 id. 622; 1 Abb. Ct. of App. Dec. 131; *Wheatman* v. *Pearsen,* L. R., 3 C. P. 422.)

Miller, J. The recovery in this action is based upon the ground that at the time of the accident, which resulted in the death of the plaintiff's intestate, he was a passenger upon the defendant's car and not an employe. This is the most important question arising upon this appeal, for if the deceased was an employe, and, at the time he received his injury, in the service of the defendant, then the action cannot be maintained, and the court below erred in refusing to direct a verdict in favor of the defendant, as well as in denying the motion for a nonsuit, and in not holding, as requested, that the deceased was an employe at the time of the accident, and also in not charging the jury to that effect. The inquiry then arises as to the position the deceased occupied in reference to the defendant. The evidence shows that he had been in the employment of the defendant, as a foreman in its tin-shops at Rochester, prior to December, 1876. The defendant at that time removed its

shops from Rochester to Buffalo, but before their removal the deceased had left defendant's employment. Many of the employes in the tin-shop at Rochester continued in the employ of the defendant after it had removed its shops to Buffalo, but still resided at Rochester. By an arrangement made between them and the defendant they were to be taken to Buffalo on Monday morning, and brought back Saturday evening of every week in the defendant's car. Sometimes they were carried in a baggage car, sometimes in a passenger car, and afterward in a passenger car called a shop car in which other persons, who paid fares, were permitted to ride. No fare was required of the men thus employed and transported, but by agreement a deduction was made from their wages at an amount fixed per hour, being the same as when at work, for the time they were upon the train, their wages beginning when they reached the shops at Buffalo, and ending when they left them. In the month of January, 1877, the deceased applied for his former position as foreman, and was employed accordingly by the defendant. He asked if he could go with the rest of the men, and he was told he would be passed with the rest of the men in the defendant's shop car. Upon these terms he again commenced working for the defendant as foreman in the tin-shop at Buffalo. The only pass given was one to the master mechanic, Mr. Gould, under which all the men who lived at Rochester and worked in the shops at Buffalo traveled. There was no evidence upon the trial showing that the deceased ever saw the pass, or that he was acquainted with its contents. He was paid for his work in accordance with the arrangement already stated. It appears that the contract for his employment in the tin-shops, and for traveling between Rochester and Buffalo, while engaged in his work, was one and the same contract, made at the same time, and the whole must be taken together as an entire agreement.

The essence of the contract was that the deceased should work for the defendant, as foreman of the tin-shop, and in consideration thereof it should pay him a price fixed per hour, and should transport him from his residence to the place where the work was to be done, and back again, upon its rail-

road without charge. At the time of the accident the deceased was in the shop car of the defendant on his way to the place where he was to perform services. As his transportation was a part of the contract, he was there by virtue thereof as an employe. His services had then commenced under the contract; he paid no fare as an ordinary passenger would have done, but was being transported under the pass referred to. Under these circumstances the deceased was, at the time of the accident, in the car under the terms of the contract made for the rendition of his services, and not as a passenger. It was essential that he should be in the car, at the time and place of the accident, to enable him to perform the contract of service into which he had entered. But for this he would not have been there at the time, and his traveling on this occasion was in the capacity of an employe and not as a passenger. If two separate contracts had been intended to have been made, one for the services of the deceased and the other for his transportation, it is fair to assume that the amount allowed for his wages would have been increased sufficiently to pay his fare as a passenger. Clearly such could not have been the intention, as the contract made was a single one which related only to the services of the deceased and the conpensation he was to receive for the same. It was part of this contract of service that he was to be carried to and from the place of his work every week on the defendant's railroad, and on a train which was usually provided for that purpose. The right to go and return being inseparable from the contract to do the work, it is not obvious that any valid ground exists for claiming that the deceased was a passenger and paid his own fare.

As to the position that because his hours of labor had not commenced at the time of the accident, the deceased was to be regarded as a passenger, it is a complete answer to say that his conveyance to and from his work was incident to his employment, and was part of the contract of service under which he was engaged. This remark will also apply to the position of the respondent's counsel that traveling to the shop where work was to be done was not the beginning of service but an

act done to obtain the service. If it was a part of the contract then obviously it cannot be said that the deceased gave *a portion of his wages* as the price of transportation independent of his contract. He was as much under the control of the defendant when traveling as any other employe who was transported by virtue of a contract with the company for his services, which contract provided for the right to go and come upon the defendant's cars to and from the place where he was required to work. Although he had no particular duty to discharge while traveling, yet the traveling of the deceased was not as a passenger but as an employe under the contract of service between him and the defendant.

No question arises upon the record before us as to the liability of the defendant in case the injury had been received outside of the contract of service, and it is a sufficient answer to the suggestion made in this respect to say, that the accident which caused the injury to the deceased occurred while he was traveling for a purpose connected with and within the scope of the contract.

Some authorities are cited in support of the position of the appellant's counsel, which tend in that direction. In the case of *Ross' Administratrix* v. *N. Y. C. & H. R. R. R. Co.* (5 Hun, 488; affirmed in this court in 74 N. Y. 617) the intestate was killed by an accident on the defendant's road. He was an assistant surveyor, employed by the month, and had no duty to perform in connection with the running of the defendant's train, nor any care in reference to the road. His death occurred while being transported on defendant's cars, free of charge, from his home to the place where he was to perform work. There was no direct proof that the contract provided for his transportation upon the road free of charge, but it may be implied from the circumstances that such was the understanding. That case differs from this in want of proof as to the precise terms of the contract in reference to the transportation of the deceased, but in principle it is difficult to see that any distinction exists between the two cases, and as we have seen, the contract for service in that case included the trans-

portation ; in this particular it. is not as strong in favor of the application of the doctrine that the deceased there was an employe as the case at bar.   In the case of *Russell* v. *H. R. R. R. Co.* (17 N. Y. 134) the deceased was employed to work under an arrangement by which he was to be conveyed home every night in the cars in connection with which he was working, free of charge.   He was to be taken home upon the gravel train at night, and when his day's work was completed he was under no further obligation to do any more work for the company.   Carrying him home constituted a part of his wages.   This case differs in some of its aspects from the case at bar, but it tends somewhat to sustain the general rule that when the transportation of the party, free of charge, constitutes a part of the contract of service, he is an employe and servant, and not a passenger.   In the case of *Gillshannon* v. *Stony Brook Railroad Corporation* (10 Cush. 228) it appears that the plaintiff was a laborer on the road and was conveyed in the defendant's cars to and from the place of his work with the consent of the company for mutual convenience, there being no contract between them as to his transportation.   He was injured while thus on his way to his work, and the court says :   " If the plaintiff was by the contract of service to be carried by the defendant to the place of his labor, then the injury was received while engaged in the service for which he was employed, and so falls within the ordinary cases of servants sustaining injury from the negligence of other servants."   This case sustains the doctrine that if the traveling was done under the contract of service, then the defendant is not liable, and bears directly upon that question as presented in the case at bar.   The cases of *Seaver* v. *Boston & Maine Railroad* (14 Gray, 466), and *Tunney* v. *Midland Railway Co.* (L. R., 1 C. P. 291), also sustain the doctrine contended for by the appellant's counsel.   Of a contrary import is the case of *O'Donnell* v. *A. V. R. R. Co.* (59 Penn. St. 239), which is in conflict with the rule which obtains in this State and is not sound law.

There is no doubt of the general rule that the master can only set up the relation of master and servant as a defense to an action of a servant where the injuries were received while engaged in his employment.   If the master's negligence is a matter extraneous to his specific employment, or if the injury be received at a time when the servant is not engaged in his duties, then the servant occupies the position or status of a stranger.   But this rule has no application when by the terms of the contract, expressed or implied, it appears that traveling on the cars constitutes a part and portion of the contract of service.   In such a case, we think, the person injured must be regarded as a servant or employe and the company, in whose employment he is at the time engaged, is not responsible for the injury.

It follows that the judge upon the trial erred in the various rulings referred to.   As the judgment must be reversed on this ground, it is not necessary to consider the other questions raised.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except DANFORTH and FINCH, JJ., dissenting.

Judgment reversed.