HAAS, Respondent, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 4, 1905.

1. MASTER AND SERVANT: Fellow–Servants. A track laborer for a street railway company and a motorman in charge of a car are not fellow-servants.

2. ————: Passenger. Where a laborer on the track of a street railway company was ordered by the foreman to go to a distant point on the road and boarded one of the company's cars for that purpose, he thereby became a passenger to whom the company owed the same degree of care as to any other passenger, though he was to pay no fare.

3. **NEGLIGENCE: Collision: Prima Facie Case.** In an action by a passenger on a street car for injuries received by collision with another car, proof that the other car was allowed to run into the one on which the plaintiff was a passenger, made out a prima facie case of negligence on the part of the defendant.

4. ———: ———: **Slippery Track.** Evidence that the motorman in such case was unable to control the colliding car on account of the slippery condition of the track caused by loose leaves, shows negligence on the part of the defendant in failing to keep its track in a reasonably safe condition.

5. **DAMAGES: Future Pain: "May."** In an action for personal injuries, damages for prospective loss or pain can not be recovered unless the prospective loss or pain is such as in the ordinary course of nature is reasonably certain to result from the injury; therefore an instruction which authorizes the jury to consider such pain as the plaintiff "may endure in the future," is erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. John W. McElhinney,* Judge.

REVERSED AND REMANDED.

*Jefferson Chandler, John Lionberger Davis* for appellant.

(1) The instruction, offered by defendant at the close of plaintiff's case, in the nature of a demurrer to the pleadings and evidence, should have been given. The petition alleged that plaintiff was a passenger, and of this allegation there was a total failure of proof. 2 Labbatt, p. 1830, and note; Higgins v. Railway, 36 Mo. 418; Haynes v. Trenton, 108 Mo. 123, 18 S. W. 1003; McCormick v. Traction Co., 154 Mo. 191, 55 S. W. 252; Raming v. Railway, 157 Mo. 477, 57 S. W. 268; Pat. Mo. Code. Pl., sec. 181; Whipple v. Cooper Assn., 55 Mo. App. 554.

(2) Plaintiff's sole right to recover, if he has any, is based on the alleged negligence of the servants of defendant in permitting the car under their control to bump into the car on which plaintiff was mounting.

The defendant is not liable to plaintiff for the alleged negligence of these servants. Cooley on Trusts, secs. 543-544 and cases cited on p. 642; Gilman v. Railway, 10 Allen (Mass.) 233; O'Brien v. Railway, 138 Mass. 387; McGuire v. Shattuck, 160 Mass. 47; Vick v. N. Y., 95 N. Y. 267; Rohback v. Railroad, 43 Mo. 187; McGowan v. Railroad, 61 Mo. 528; Higins v. Railroad, 104 Mo. 413, 16 S. W. 409; Parker v. Railroad, 109 Mo. 3, 19 S. W. 1119; Grattis v. Railroad, 153 Mo. 380, 55 S. W. 108; Morgan v. Railway, L. R. 1, Q. B. 149; Feltham v. England, L. R. 2, Q. B. 33; Wilson v. Merry, L. R. 1, H. L., secs. 326, 336; Railroad v. Hambly, 154 U. S. 349; Railroad v. Peterson, 162 U. S. 346; Railroad v. Conroy, 175 U. S. 323; Railroad v. Dixon, 194 U. S. 363.

(3)    The court erred in giving to the jury plaintiff's instruction with respect to the measure of damages, which said instruction is hereinafter set out. Schwend v. St. Louis Transit Co., 105 Mo. App. 534, 80 S. W. 40.

*R. H. Stevens* for respondent.

(1)    The plaintiff was not a fellow-servant of the motorman and conductor in charge of the car causing the collision. Van Train v. St. Louis, Iron Mt. & Southern Railway Co., 8 Mo. App. 538, 78 Mo. 44; Sullivan v. Railway, 97 Mo. 113, 10 S. W. 852; Parker v. Hannibal & St. Joseph Railway, 109 Mo. 362, 19 S. W. 1119; Selereth v. Railway, 19 Southwestern 1134; Swadley v. Railway, 118 Mo. 268, 24 S. W. 140; Keown v. Railway, 141 Mo. 86, 41 S. W. 926. (2)    The departmental doctrine is too well established in this State to be upset by the *obiter dicta,* as was attempted in the case of Grattis v. Railroad, 153 Mo. 380. The majority of the court in that case holding that this doctrine was not at issue in that case. Although the petition in this case does not charge in a technical sense that this plaintiff was a passenger on defendant's car at the time of the accident, yet he was a passenger entitled to all the care

that a passenger under such circumstances would be entitled to. Dickenson v. West End Street Railway, 177 Mass. 365, 52 L. R. A. 326; Chattanooga Rapid Transit, v. Venable, 105 Tenn. 460, 58 S. W. 861, 51 L. R. A. 886; Carswell v. Macon D. & S. Railway, 9 Railroad Reports, p. 833, decided April, 1904; McNulty v. Penn. Railroad (Pa.), 38 L. R. A. 376; Doyle v. Pittsburg Railway (Mass.), 33 L. R. A. 814; Same v. Same, 25 L. R. A. 157; Muldoon v. Seattle City Railway (Wash.), 22 L. R. A. 794.

## STATEMENT.

In 1903 plaintiff was in the employ of defendant as a laborer on its tracks. On November fifth plaintiff was working on defendant's track with a gang of other laborers at Kirkwood, from which place he was ordered by the foreman to take his tools and go to DeHodiamont to the office of the defendant company. By direction of the foreman, plaintiff boarded one of defendant's cars and was carried to Clayton, on a laborer's free pass, where he was ordered to leave the car and board another one of defendant's cars on another track to be carried to DeHodiamont. He left the car as ordered, walked over to the other track and there boarded a car to be carried to DeHodiamont. Just as he got on to the rear platform, the car was bumped into by another one of defendant's cars and, by force of the concussion, plaintiff was thrown backward off the platform on to the ground, falling on his back and, as the evidence tends to show, was seriously and perhaps permanently injured in his back and crippled in his right arm. The suit is to recover for the injuries thus occasioned. The answer was a general denial. The verdict was for the plaintiff for two thousand dollars. Defendant appealed.

BLAND, P. J. (after stating the facts).—1. The motorman, whose car bumped against the one plaintiff was on, testified that the track was covered with loose

leaves and was so slick he was unable to control his car and stop it in time to prevent the collision. He is corroborated by several other witnesses, in respect to the slippery condition of the track.

The petition alleged that plaintiff boarded the car at Clayton to be carried as a *passenger* to the city of St. Louis. The contention of appellant is that he was not a passenger and for this reason he was not entitled to recover under the allegation of being a passenger.

In Vick v. Railroad, 95 N. Y. 267, it is held that where an employee of a railroad travels to and from his work on the cars of the company, and his transportation constitutes part of the contract of service, while so traveling he is an employee, not a passenger, and hence the company is not liable for an injury to him through the negligence of a coemployee.

In Higgins v. Railroad, 36 Mo. 418, it is held that a railroad employee riding in the baggage car with other employees without the payment of fare, though not traveling in the master's service, nas not a passenger.

In Louisville & N. R. Co. v. Weaver, 22 Ky. L. Rep. 30, 50 L. R. A. 381, it is said:

"A station agent traveling to his home in another town, without paying fare, several hours after his duties for the day have ceased, does not, by reason of his employment by the carrier as such agent, assume the risk of injury through the negligent operation of the train."

In Chicago & Alton R. R. Co. v. Keefe, 47 Ill. 108, where a laborer upon a construction train, at work under the orders of the conductor in charge of such train, was injured in consequence of the moving of the train by the engineer, also in pursuance of the order of the conductor, but without giving the preliminary signal, as required by the rules of the company, the laborer was injured. It was held that the master was not liable, on the grounds that the laborer and the engineer were fellow-servants.

In Kumler v. Railroad, 33 Ohio St. 150, it is said:

"Where a railroad company, engaged in ballasting its road, employed a hand to assist in loading and unloading a gravel train, and in the execution of this service it was necessary for him to ride on the train from the gravel pit to the place of unloading—the train being run under the direction of a conductor, and said hand having nothing to do with its management: Held, that such hand, while riding on the train, was a mere employee, and did not assume the character of a passenger; that he and the engineer of the train were engaged in a common service, and that, as he was not under the control or subject to the orders of the engineer, the railroad company cannot be held liable for negligence of the engineer, resulting in his death, if it was not guilty of negligence in selecting the engineer."

The Keef and Kumler cases, and others of the same type, proceeded upon the common law rule as early adopted in England and followed in some of the State courts, that all servants employed by a common master and engaged in the same general business are fellow-servants, irrespective of the diversity of the business. In the earlier decisions of the Supreme Court of this State this rule was rigidly adhered to and was applied in McDermott v. Railroad, 30 Mo. 115, wherein it was held that bridge builders and brakeman were fellow-servants; in Roback v. Railroad, 43 Mo. 187, in which it was held that a track repairer and trainmen were fellow-servants; and in Moore v. Railroad, 85 Mo. 588, where it was held that a car repairer and a crew of an engine, which ran into the car the repairer was working on, were fellow-servants. If this rule had been adhered to by the Supreme Court, the Moore case would be decisive of the case in hand and we would, without hesitation, hold that plaintiff and the motorman of the car which ran into the one upon which plaintiff was standing were fellow-servants and that plaintiff could not recover. But the doctrine of departmental service has found lodgment in the jurisprudence of this State by the following cases:

By Dixon v. Railroad, 109 Mo. where, at page 423, 19 S. W. 412, BARCLAY, J., said:

"We think it clear that where a common employer carries on two enterprises, as variant in character as those here considered, each under separate superintendence, the employees at work in each cannot justly be regarded as fellow-servants of the employees in the other, within the meaning of the rule of exemption."

Relyea v. Railway, 112 Mo. 86, 20 S. W. 480, where speaking of servants of a common master, BLACK, J., said:

"They are fellow-servants who are so related and associated in their work that they can observe and influence each other's conduct and report delinquencies to a common correcting power."

Card v. Eddy, 129 Mo. l.c. 518, 28 S. W. 979, the rule announced in the Parker case is approvingly cited; and in Sullivan v. Railroad, 97 Mo. 113, it was held that a trackwalker was not a fellow-servant with a locomotive engineer or fireman of a passing train. The Sullivan case was followed in Schlereth v. Railway, 115 Mo. 87, 21 S. W. 1110, and Swadley v. Railway, 118 Mo. 268, 24 S. W. 140, and the same principle applied in Hawk v. Lumber Co., 166 Mo. 121, 65 S. W. 1022.

And by Grattis v. Railroad, 153 Mo. 380, 55 S. W. 108, the departmental doctrine was criticised by MARSHALL, J., who wrote the opinion, as unscientific and against the weight of the authority; but the departmental doctrine was not involved in the case. The majority of the court held that an engineer and a fireman are fellow-servants.

In Vautrain v. Railway, 8 Mo. App. 538, affirmed by the Supreme Court (78 Mo. 44) is was held that a brakeman and section hands were not fellow-servants. The departmental doctrine was approved in Zellars v. Missouri Water & Light Co., 92 Mo. App. 107, though not specially mentioned.

The following are pertinent cases from other jurisdictions:

"A civil engineer in the employment of a railroad company, who, when ordered to do so, rides on a train over a new track, the laying of which he is superintending, does not assume risks resulting from negligence on the part of the company's servants in failing to keep the roadbed and track in good condition after it is laid, and in running the train at too great a speed, and he may recover from the company for injuries caused by such negligence." Meloy v. Railroad, 77 Iowa 743.

In Chattanooga Rapid Transit Co. v. Venable, 105 Tenn. 460, s. c., 51 L. R. A. 886, it is said: "A night watchman at a railroad depot who boards a train near his home to ride to the depot and report his readiness to return to duty the coming night, after being off duty a few days, has the rights of a passenger in case he is injured by the carrier's negligence, although he is riding, in violation of a rule of the company, without a pass or payment of fare, but with the implied permission of the conductor, who has neglected to enforce the rule."

In McNulty v. Railroad, 182 Pa. 479, s. c., 38 L. R. A. 276, it is said:

"A railroad employee engaged in working upon a bridge is a passenger while riding on a railroad train to his home after his day's work is done, where his contract entitled him to free transportation and he was not under any obligation to ride or engage in any service for the company while so riding."

In Doyle v. Railroad, 166 Mass. 492, s. c., 33 L. R. A. 844, it is said:

"An employee of a railroad company is to be regarded as a passenger while riding on a ticket such as is issued only to employees of the company who live on the line of the road elsewhere than at the place of employment."

"A bridge carpenter who, in consideration of a reduced price per day, is carried to and from his work in

the cars of the employer, and whose duties have nothing to do with the running of the train, is, while so traveling, a passenger and not an employee." O'Donnell v. Railroad, 59 Pa. 239.

"A bridge carpenter who is directed to go to a certain place and assist in loading timbers is, while traveling to such place, a passenger, and the carrier will be responsible to him as such for injuries caused by its negligence." Gillenwater v. Railroad, 5 Ind. 339.

Fitzpatrick v. Railroad, 7 Ind. 436, was decided on the doctrine that the employees were not fellow-servants within the rule that the master is not liable to one for the negligence of the other, but the court takes occasion to say that the plaintiff, who was riding to his place of work at a gravel bed, "was not a mere passenger; his travel upon the cars was an incident to the business in which he was employed, but under an agreement with defendant that he was to be regularly conveyed to and from his work," etc.

Pembroke v. Railroad, 32 Mo. App. 61, is a Missouri case in point, in which the court held that a person using a bridge, by permission of a pass given him by his employer for use in going to and returning from work, was a passenger over the bridge, and that the owner was liable to him for defects in the bridge which caused injury to him, although the owner sustained the relation to him of employer.

"A section man of a street car company, who by direction of his foreman takes a place upon one of its trains to be carried to his home, is not a mere trespasser, but for the purpose of determining the liability of the company for injuring him must be regarded as rightfully upon the train." Denver & B. P. Rapid Transit Co. v. Dwyer, 20 Colo. 132.

In McGucken v. Railroad, 28 N. Y. Supp. 298, it is held that a railroad employee, who is ordered to a certain point on the railroad, and travels thither on an employee's pass, is during the trip, a passenger.

In Central Railroad v. Henderson, 69 Ga. 715, it is held that where an employee of a railroad company whose duties are not connected with the running of its trains, rides on one of its trains on a free pass and is injured, the company is liable to him as a passenger.

In Travellers' Ins. Co. v. Austin, 116 Ga. 264, s. c., 59 L. R. A. 107, it is held that one may be both a passenger and an employee of a railroad company—an employee when passing over the road at a time when actually engaged in performing duties for the company, but a passenger while not so engaged, but riding from one place to another, even though continuing all the while, in a popular sense, in the employ of the company. Thus a paymaster of the railroad company, traveling upon the business of the company from station to station, and stopping between stations for the purpose of paying off employees of the company wherever they may be, is not while so doing a passenger, within the meaning of a clause in a policy of accident insurance granting double indemnity to the insured if injured while riding as a passenger on a passenger car using steam as a motive power.

The plaintiff was not associated with defendant's motorman in running the car. His employment was in nowise connected with the operation of cars. For these reasons plaintiff was not a fellow-servant of the motormen. Being wholly disconnected in his employment with the operation of the cars, plaintiff's relation to the defendant was that of a passenger, to whom it owed the same degree of care as to any other passenger. In respect to the proof of negligence, the fact that one of defendant's cars was allowed to run into the one on which plaintiff was a passenger is prima facie proof that the defendant was negligent. Olsen v. Railway, 152 Mo. 426, 54 S. W. 470; Pattison on Railway Accident Law, sec. 375. And we think the evidence of the motorman, to the effect that he was unable to control the car on account of the slippery condition of the track, caused by

loose leaves that had fallen upon it and had been suffered to remain there, shows negligence on the part of defendant in failing to keep its tracks in a reasonably safe condition for the operation of its cars.

2. At the instance of plaintiff the court gave the following instruction on the measure of damages:

"If the jury find that plaintiff is entitled to recover in this case, in arriving at the amount of damages which should be awarded to him, you are at liberty to take into consideration the pain, if any, which you may believe from the evidence he has endured, and may endure in the future, by reason of said injuries; and also the injury to his hand and back, if any, which the jury may believe from the evidence he has suffered or will suffer, as a result of said injuries, and allow him such sum, by way of damages as will fairly compensate him for said injury and pain."

This instruction is, as to damage for pain, precisely like the one condemned by us in Schwend v. St. Louis Transit Company, 105 Mo. App. 534, 80 S. W. 40, as ignoring the bounds of reasonable certainty. Present damages for prospective loss or pain cannot be recovered, unless the prospective loss or pain is such as in the ordinary course of nature is reasonably certain to result from the injury. The term "may," in its popular sense and as used in the instruction under review, expressed ability, possibility or probability. Webster's Dictionary; Home Ins. Co. v. Railway, 78 Ill. App. 137.

In Ford v. City of DesMoines, 75 N. W. 630, s. c., 106 Iowa 94, it is held that the word "may," in an instruction in a personal injury case that the jury may allow plaintiff for pain, inconvenience, or impairment of enjoyment for such time as the same may continue in the future as shown by the evidence, is capable of being construed by the jury to mean "might," and therefore authorized them to allow plaintiff for pain, inconvenience, and impairment of the enjoyment which the evidence showed might continue in the future,

which was merely possible, not for what the evidence showed was reasonably certain to continue. Such an instruction is erroneous.

The instruction, as was said in the Ford case, authorized the recovery of present damages for pain that might possibly or probably continue in the future as a result of the injury, not for what the evidence showed was reasonably certain to continue, and for this reason it is erroneous.

The judgment is reversed and the cause remanded. All concur.