ST. CLAIR, Respondent, v. ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 5, 1907.

1. MASTER AND SERVANT: Railroads: Passenger: Degree of Care. An employee of a railroad company engaged as toolhouse foreman, whose duties consisted of caring for defendant's tools and made it necessary for him to travel about on the defendant's line, was directed by his foreman to take passage on a caboose to go from a point on the railroad where he had been assisting in clearing a wreck, to headquarters. While riding on such caboose in that manner, without paying any fare, he was not a passenger of the railroad company, but the relation of master and servant existed between it and him so that it owed him only ordinary care for his safety. (Distinguishing Haas v. St. Louis & Suburban Railway Company, 111 Mo. App. 706.)

2. ———: ———: ———: ———. Whether an employee of a railroad company riding on a train of his employer is a passenger, depends upon whether he is being carried for his own convenience or business, or to or from his working place as an incident to his employment. If the former, he is a passenger; if the latter, he is a servant.

3. ———: Res Ipsa Loquitur. The mere fact of relation of master and servant is not sufficient to render the doctrine of res ipsa loquitur inapplicable between them. Where a collision occurred between two trains of a railroad company so that an employee riding upon one of such trains in going to and from his work was injured, and the circumstances were such as to show the accident presumably would not have happened if due care had been exercised, the principal of res ipsa loquitur applied.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED.

*L. F. Parker* for appellant.

(1) The plaintiff was not a passenger on defendant's train, and the duty owing by defendant to him was not that high degree of skill and care which it owed to passengers, but the duty of exercising ordinary care

to avoid injuring him. Higgins v. Railroad, 36 Mo. 418; Lovell v. Howell, L. R. 1 C. P. Div. 161-169; State to use v. Railroad, 63 Md. 433; Washburn v. Railroad, 3 Head 638, 75 Am. Dec. 784; Railroad v. Britz, 72 Ill. 256; Heine v. Railroad, 58 Wis. 525, 17 N. W. 420; Capper v. Railroad, 103 Ind. 305, 2 N. E. 749; Knahtla v. Railroad, 21 Or. 136, 27 Pac. 91; Kumler v. Railroad, 33 Ohio St. 150; McFarlane v. Gilmour, 5 Ont. 302; Railroad v. Durkin, 76 Ill. 395; Abend v. Railroad, 111 Ill. 202; Railroad v. Tindall, 13 Ind. 366; Gilman v. Eastern R. Corp., 10 Allen 233; Cassidy v. Railroad, 76 Maine 488; Sullivan v. Railroad, 58 Ind. 26; Dallas v. Railroad, 61 Tex. 196. (2) The burden of proof was upon the plaintiff to show that he was injured by the negligence of the defendant, and this burden was not satisfied by a mere proof of the accident, but plaintiff should have gone further, and have shown that the cause of the accident was the negligence of the railroad company, and not a latent defect in machinery, the result of a risk assumed by the plaintiff as an employee, or some other cause for which the defendant would not be liable. The maxim, *res ipsa loquitur,* does not apply to a case of this character. Conlon v. Glasgow, 1 Sc. Sess. Cas. 5th Series, 869; Railroad v. Welch, 72 Tex. 298; Bartonshill Coal Co. v. McGuire, 3 Macq. H. L. Cas. 308; McGuirk v. Shattuck, 160 Mass. 45, 35 N. E. 110; O' Brien v. Railroad, 138 Mass. 387; Vick v. Railroad, 95 N. Y. 267; Tunney v. Railroad, L. R. 1 C. P. 291; Manville v. Railroad, 11 Ohio St. 417; Ryan v. Railroad, 23 Pa. 384; Railroad v. Salmon, 11 Kan. 83; Railroad v. Stuber, 108 Fed. 934; Railroad v. Ryan, 82 Tex. 565; Wright v. Railroad, 122 N. C. 852, 29 S. E. 100; Hutchinson v. York, 5 Exch. 343.

*Lee Meriwether* for respondent.

(1) A railroad employee, going to or returning from his place of employment, has the rights of a pas-

senger in case he is injured by the carrier's negligence, even though he be riding in violation of a rule of the company. Plaintiff was a passenger at the time of the accident, and his claim upon defendant is that of a passenger upon a common carrier. Chattanooga R. T. Co. v. Venable, 105 Tenn. 460; McNulty v. Railroad, 182 Pa. 479; Gillenwater v. Railroad, 5 Ind. 339; Haas v. Railroad, 111 Mo. App. 713; Olsen v. Railroad, 152 Mo. 426; (2) Whether or not plaintiff be deemed a passenger, or a servant of defendant's, at the time of the accident, proof of a rear-end collision was *prima facie* evidence of negligence on defendant's part. The doctrine of *res ipsa loquitur* obtains in cases of injury to servants as well as to passengers. Pattison on Ry. Accident Law, sec. 375; Rine v. Railroad, 100 Mo. 222; Minster v. Railroad, 53 Mo. App. 276; Hill v. Scott, 38 Mo. App. 370.

NORTONI, J.—The plaintiff was in the employ of the defendant as toolhouse foreman and had been for several years. His duties consisted in part, at least, in caring for the defendant's tools, etc. Among other things, it was his duty to accompany defendant's men who were engaged in disposing of wrecks on the line of its road and assist in clearing up such wrecks and looking after the tools, etc. He was therefore frequently called out on the line of defendant's railroad in the discharge of such duties as pertained to this employment. A wreck having occurred on the defendant's line, the plaintiff was conveyed thereto by the defendant, and after having finished his labors thereat, he, together with numerous other employees, at the instance and direction of their foreman, took passage in the caboose or way-car of one of its freight trains for their headquarters, the city of St. Louis. After having progressed a few miles toward the city, the train on which plaintiff and his companions were being conveyed, entered a siding at a small town, probably to permit some other

train to pass them on the main line, and while on said siding, one of defendant's locomotives, attached to and hauling one of its trains, ran into and collided with the caboose on which plaintiff was riding, whereby he was seriously and no doubt permanently injured, hence this suit for damages accrued to him by such injury.

At the trial in the circuit court, plaintiff proceeded upon the theory that he was a passenger on defendant's caboose car, and, relying upon the doctrine of *res ipsa loquitur,* made no proof of specific negligence against the defendant other than the fact of the collision itself and relied solely upon the presumption of law arising therefrom generally that such collision was in and of itself evidence of negligence. At his instance and request, the court charged the jury as follows:

"The court instructs the jury that while a railroad is not an insurer of the absolute safety of passengers and employees riding on its trains, yet where a person rightfully and lawfully riding in one of its cars, receives injury by the overturning or wrecking of said car, a *prima facie* case is made out for him, and the *onus* is cast upon the railroad company of relieving itself from the responsibility of showing that the injury was the result of an accident which skill, foresight and diligence could not have prevented. As a common carrier operating trains and locomotives for hire, it is defendant's duty to use a high degree of skill and care and it is responsible for all injuries arising from the negligence either of itself, or of its agents or servants. Therefore, if you believe from the evidence that on the 5th day of November, 1904, plaintiff, while engaged in the pursuit of his duty as one of defendant's employees, took one of defendant's cars to return to St. Louis and while he was riding in said car a locomotive owned, operated and controlled by defendant ran into said car and caused the injuries complained of, plaintiff himself in nowise causing or contributing to said collision, or to said in-

juries, then your verdict must be for the plaintiff, unless you further find from the evidence that said collision was caused by inevitable accident which could not have been avoided by the exercise of care by defendant, or by defendant's agents or servants."

To which defendant objected and excepted.

1. The defendant insists that the court erred in instructing the jury on the theory that the plaintiff was a passenger on defendant's train. Now, if the plaintiff was an employee while on the caboose of the freight train and injured, then the relation which existed between him and the defendant was that of master and servant and not that of passenger and carrier. As defendant's servant on its freight train caboose car, incident to his employment, the measure of care which was due him from the defendant master, was to exercise ordinary care to the end of furnishing him a reasonably safe place to work, or for transportation to and from his labors: as a passenger, the obligation of the defendant to him would go quite beyond the limits of ordinary care and it would devolve upon the defendant to exercise that high degree of care which is always required from a common carrier in favor of a passenger, looking to his safe tansportation. From this relative statement of the principle which obtains with reference to the two relations, it is observed that it is important to ascertain just what the relation of the parties was at the time of the catastrophe. The plaintiff relies upon and cites us to the case of Haas v. St. L. & Sub. Ry. Co., 111 Mo. App. 706, 90 S. W. 1155, to support his theory that the plaintiff was a passenger and not an employee. The case referred to is in its facts, quite similar to that now in judgment, but the relations of the parties there determined are in nowise identical. There the plaintiff, a track laborer in the defendant's employment, was directed by his foreman to take passage on one of its passenger cars (street car) to another part of the road and

perform certain labor, which passage he took incident to his employment, without the payment of a fare, riding as employees usually do, and while thus in transit, he was injured by means of a rear-end collision occasioned by another one of defendant's street cars colliding with the car on which he was being transported. The defense of fellow-service was interposed and it was argued in this court that the plaintiff's injuries were occasioned because of the negligence of the motorman on the car which collided with the car on which he was riding; that such motorman was the plaintiff's fellow-servant, the risk of whose negligence the plaintiff had assumed as one ordinarily incident to the employment, etc. From this it will appear that the precise question presented for decision was not the relation between plaintiff, the servant, and the defendant, his master, but it was the relation in which the plaintiff stood to the motorman whose negligence caused the injury, and on this question it was adjudged that the plaintiff and the motorman were not fellow-servants, and this being the only defense interposed, that the plaintiff therefore stood as any other passenger on defendant's passenger car being transported, in whose favor the doctrine of *res ipsa loquitur* obtained with respect to the presumption of law arising from the fact of collision, which dispensed with other proof of negligence. The case there in judgment is to be distinguished from the case now at bar, for here we have no question of fellow-service before the court, nor are the rights of this plaintiff sought to be determined or in any respect ascertained by the relation he bore to the engineer causing the collision, but, on the contrary, the question presented is, squarely, what was the relation, not between plaintiff and any other servant, but what was the relation between plaintiff and this defendant? To this question there seems, both on principle and authority, to be but one answer, and that is, the relation was that of master and servant.

Now, were the doctrine of fellow-service still applicable to railroads in this State, as it was prior to the adoption of our statute abrogating the same, and the defendant stood here as it did in the Haas case, upon the proposition that the plaintiff could not recover because he was an employee, and the negligence of the engineer, his alleged co-employee, who caused the collision, precluded his right of recovery on the theory of fellow-service, we might hold, under the authority of Moore v. Ry. Co., 85 Mo. 588, just as was held in the Haas case, that the plaintiff was not a fellow-servant with the engineer, and if that were the only question, that he stood before the law in the same position as a passenger, which in such case would amount to no more than holding that he was a person rightfully on the car and entitled to recover, no other defense being interposed. The question is not in this case, however. Here the question for determination is, what was the relation between this plaintiff and defendant at the time of his injury? Now, it is true the plaintiff was an employee of the defendant when he departed from the city to assist in clearing the wreck and was being paid as such for his time; he was an employee while engaged at the wreck; he was an employee when he entered the caboose car of the defendant's freight train by instructions of his foreman and was received therein along with others, by those in charge, as an employee of the defendant. Were he otherwise at the time, he would have no right of transportation thereon. He did not pay, nor offer to pay, for his passage, nor did the conductor collect or offer to collect, nor did he waive payment of his fare, but on the contrary, he accepted the plaintiff as an employee with the others from whom no fare was due. In fact, instead of paying for his passage or riding as a result of the waiver of such payment, he was actually being compensated by the defendant as its employee for the time he was engaged in transportation on its car. He

was at any moment while thus being transported, liable to be called from the car by his employer to aid in clearing away any other wreck which might occur, and, in fact, was being carried on the train in every respect as an employee and as incident to his employment, subject to the authority of the master to put him to work at any point, rather than as a result of a contract, express or impled, for his transportation as a passenger, the record showing that the plaintiff neither paid nor tendered fare and that his fare was not waived, the proof all being that he entered the car and was received as an employee and the presumption of law that all persons on a passenger train for the purpose of carriage, are passengers not being pertinent with respect to those persons on a train which does not ordinarily carry passengers. [4 Elliott on Rys., sec. 1578; Railway Co. v. Headland, 18 Colo. 471; Eaton v. Ry. Co., 57 N. Y. 382.] There is neither proof of fact nor presumption of law to sustain the theory of the instruction, supra. Judge Elliott says, in his valuable work: "As to whether the employee, riding on a train, is a passenger, there is some conflict, but the rule seems to be that if he is being carried to and from his working place, he is not a passenger. But if he is carried for his own convenience or business, he is a passenger." [4 Elliott on Railroads, sec. 1578.] And many cases are cited in the note in support of the rule stated. This is certainly the doctrine of our Supreme Court on the subject as is manifest from the case of Higgins v. Ry. Co., 36 Mo. 418, which, in our opinion, is an authority in point and controlling on this court. It is certain that the plaintiff was not being carried for his own convenience or business, within the rule stated by Judge Elliott, supra. On the contrary, he was being carried from his working place as incident to his employment and as an employee. [See, also, St. L. etc. Ry. Co. v. Welch, 72 Tex. 298; McGuirk v. Shattuck, 160 Mass. 45; Lovell v. How-

ell, 1 L. R. (C. P. Div.) 161; 5 Amer. and Eng. Ency. Law (2 Ed.), 516; Pattison's Ry. Acc. Law (1886) sec. 210-211.] For the reason that the plaintiff was an employee instead of a passenger and as such, the relation of master and servant existed between him and the defendant at the time of his injury, which only required the exercise of ordinary care on the part of the master to furnish him a reasonably safe place, the plaintiff's first instruction telling the jury that it was defendant's duty to use high care in his favor was error. Under its obligation of ordinary care to servants, the defendant certainly ought not to be expected nor required to exercise that high degree of care mentioned, in the operation of its freight trains, in no sense intended for passenger service. Had this plaintiff been on a regular passenger coach and train where the obligation of high care extends to all passengers, he being rightfully there, might possibly have the right to expect that same high degree of care in his own favor, for otherwise, two men being injured, one an employee rightfully there, and not connected with the operation of the train, the other a passenger, different principles would determine the case of each. But no such question is before the court and we give no opinion. Suffice to say, in no sense could the plaintiff be declared a passenger to whom the high degree of care mentioned was due while on this non-passenger-carrying freight train, under the circumstances mentioned.

2. As stated, the plaintiff made no proof of negligence other than the mere fact of the collision itself and the defendant complains of the application of the principle *res ipsa loquitur* asserted in the instruction quoted. It is insisted that the proposition contained in the instruction to the effect that the jury were auhorized to find the defendant was negligent from the mere fact of the collision, and that it did not devolve upon the plaintiff to prove more in that regard than such collis-

ion, upon the proof of which, the burden shifted to the defendant to acquit itself, etc., is an erroneous declaration of law in this case between master and servant. It is argued that the doctrine mentioned is pertinent only with respect to passengers and we are cited to Smith v. Mo. Pac. Ry. Co., 113 Mo. 70-82, 20 S. W. 896, where the court said: "There is no presumption of negligence of the company in favor of its own employee, arising from the mere fact of the collision." Indeed, that was a correct statement of the law in that case. The suit there was by a widow of the deceased engineer whose gross negligence caused the collision (for the engineer must have been asleep) and this presumption of law arising generally out of the fact of the collision, was sought to be invoked in favor of the widow's claim asserted in the suit on the statute for her husband's death. The court very properly held that no such presumption could be invoked to overcome the direct proof that the collision was caused by the negligence of her husband, the deceased engineer. The case was reversed outright on account of his negligence. That adjudication can have no influence here. Now the doctrine, *res ipsa loquitur,* is applicable where, under the circumstances shown, the accident presumably would not have happened if due care had been exercised (Labbatt, Master and Servant, sec. 834), and we are aware of no principle in the law of master and servant which conflicts with its application to the case of a servant not at fault and in no manner connected with the operation of either of the colliding trains. The very learned counsel has wholly failed to point out any sufficient reason why the doctrine of the instruction in this respect is either obnoxious or unjust when applied under the circumstances mentioned to the case of such servant who, without fault on his part, insofar as the collision is concerned, is rightfully upon one of the colliding trains and injured. We think the doctrine was rightfully applied to the facts

in proof. [See Haas v. St. L. & Sub. Ry. Co., 111 Mo. App. 706.] The mere fact of the relation of master and servant is not sufficient to render the doctrine of *res ipsa loquitur* inapplicable between them for it is frequently applied in cases where such relation exists, and we know of no sound principle why it should not be. [See Blanton v. Dold, 109 Mo. 64, 18 S. W. 1149; Lee v. St. L. M. & S. E. Ry. Co., 112 Mo. App. 372-406, 87 S. W. 12.]

For the reasons given, the judgment will be reversed and the cause remanded. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.