## WILLIAMSON, Respondent, v. ST. LOUIS & MERAMEC RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, November 5, 1908.

1. **CARRIERS OF PASSENGERS: Negligence: Res Ipsa Loquitur.** Where a hose wagon, while driven rapidly to a fire, ran against a street car which was passing on a cross street, with such force as to injure a passenger on the car, the accident was such that it would not have happened had the managers of the car exercised proper care; and in a suit by the passenger against the street railway company the doctrine of *res ipsa loquitur* applies.

2. ———: ———: **Prima-Facie Case.** In such case where the plaintiff's evidence showed that the gong of the hose wagon was constantly sounded, that when the car was 120 feet from the crossing a bystander rushed into the middle of the track and signaled the car to stop, that the car could be stopped in a distance of ninety feet, plaintiff made out a prima-facie case of negligence on the part of the street railway company.

3. **DAMAGES: Permanent Injuries: Evidence: Instruction.** In an action for personal injuries where a physician testifying for plaintiff said that the bone of plaintiff's injured limb was thickened, and the muscles atrophied, and that in his opinion the injury would be permanent, this was sufficient to warrant an instruction submitting the question of permanent injury.

4. **PRACTICE: Instruction: Limiting Amount of Verdict.** In an action for damages an instruction on the measure of damages, which did not limit the amount recoverable to amount sued for, was not reversible error where the verdict was for less than that amount.

5. **STREET RAILWAYS: Last Chance: Conductor and Motorman.** It is the duty of the conductor as well as the motorman, in charge of a street car on being apprised of danger of a collision, to exercise care to stop the car in time to avoid it.

6. **PRACTICE: Instruction: Omitting Necessary Elements.** An instruction which correctly states an abstract proposition of law, but fails to require a finding of facts necessary to a recovery, is erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Jefferson Chandler, T. M. Pierce* and *S. P. McChesney* for appellant.

*Taylor R. Young* and *Frank H. Haskins* for respondent.

NORTONI, J.—This is an action for damages resulting from personal injuries alleged to have been received by the plaintiff while she was a passenger on one of defendant's street cars. The occasion of the injury was a collision with a hose wagon connected with the fire department of the city of St. Louis. Plaintiff recovered and the defendant appeals.

The testimony on the part of the plaintiff tended to prove that the plaintiff was a passenger on defendant's west-bound car on Franklin avenue. A hose wagon of the city fire department, travelling south at a high rate of speed on Compton avenue, ran against the side of the car on which plaintiff was a passenger. The tongue or pole of the wagon crushed its way through the side of the car, striking plaintiff between the knee and the hip, causing her painful and serious injury. The defendant insists the court should have peremptorily directed a verdict for it in accordance with a request to that effect for the reason the evidence was insufficient to establish a reasonable inference of negligence against its servants in operating the car. The case is properly one in which the doctrine of *res ipsa loquitur* inheres. It appears the plaintiff was entirely free from negligence and that the injury was received while she was a passenger on a

street car the management of which was exclusively in the control of defendant's servants. Under such circumstances, the fact that street cars, when managed with prudence, do not ordinarily collide with other vehicles, without more, introduces into the case a presumption of negligence on the part of defendant's servants sufficient at least to remove the question within the province of the jury and devolves upon the defendant the duty to overcome the presumtion of negligence with evidence of due care on its part. [Olsen v. Railway, 152 Mo. 426, 432; Mitchell v. Railroad, 132 Mo. App. 143, 112 S. W. 291; St. Clair v. Railroad, 122 Mo. App. 519, 99 S. W. 775.] However, the plaintiff did not invoke the doctrine of *res ipsa loquitur* but assumed to prove negligent conduct on the part of defendant's servants, and we will therefore notice the facts tending to this end.

It appears Franklin avenue runs east and west. The street car on which plaintiff was a passenger was proceeding westward at a rate of speed between four and six miles an hour. At the point in question, the west-bound car track runs on a downgrade. Compton avenue runs northward from Franklin avenue obliquely, tending to the northwest. The hose wagon, enroute to a fire, was travelling under high pressure southward or toward Franklin, on Compton avenue. The driver of the hose wagon gave testimony to the effect that the gong attached thereto was constantly being sounded from the fire department's headquarters until the collision occurred. Other witnesses testified the sounding of the gong could be heard two or three blocks. When the defendant's car was about one hundred and twenty-five or one hundred and fifty feet east of the east line of Compton avenue, a bystander, being attracted by the noise of the approach of the hose wagon and realizing the impending danger of a collision, ran into the middle of the street, stood in the center of the west-bound car

track, and waved numerous signals with his hand for the motorman to stop.    The car continued to approach, however, finally stopping about the center of the crossing of Compton avenue, at which point the hose wagon simultaneously collided therewith and inflicted the injury complained of.    There was evidence that the track rails were wet and the car slipped after the brake was set.    There was evidence, too, by an expert motorman to the effect that a car running at the rate of speed mentioned could have been stopped on a wet rail at that point in about ninety feet, or three carlengths, if sand was applied to prevent slipping.    An ordinance of the city of St. Louis providing that all fire apparatus shall have right of way on all streets and avenues of the city when attending a fire alarm, was also introduced.    The facts above detailed were amply sufficient to raise an inference of negligent conduct against defendant's motorman in charge of the car, for had he been giving slight attention he might have heard the gong attached to the hose wagon at least two blocks away, and by the exercise of ordinary diligence, averted the collision.    The fact that a bystander stood in the center of the track and waved signals when the car was one hundred and twenty-five or one hundred and fifty feet east of the east line of Compton avenue would contribute to invite the attention of one exercising due care for the safety of passengers to an impending danger. An ordinarily alert motorman should thereupon have discovered the approaching hose wagon by the sound of the gong, if his attention had not been attracted before. Aside from the signals waved by the man on the track, it appears a man exercising ordinary care for the safety of others should have heard the sounding gong on the hose wagon for two or three blocks.    It is entirely clear the case was one for the jury, as appears by reference to Olsen v. Citizens Railroad Co., 152 Mo. 426, which is almost identical in material facts.

On behalf of plaintiff, the court instructed as follows:

"The court instructs the jury that if they find a verdict in favor of the plaintiff they will assess her damages in such sum as will be a just and fair compensation for the injuries received by her, as shown by the evidence and in fixing the amount of such damages you will take into consideration, first, all expenses, if any, incurred by her for medical and surgical attendance directly caused by said injuries; secondly, bodily pain and mental anguish, permanent injuries, if any, suffered by plaintiff, directly caused by said injuries."

This instruction is complained of, first, for the reason it permits a recovery for permanent injuries. It is said there is no evidence in the record tending to prove that the plaintiff had received permanent injuries. An examination of the record with the slightest care overthrows the objection mentioned. Besides the testimony of plaintiff herself tending to prove permanent injuries, her physician testified that shortly before the trial, upon his last examination of the injured parts, he found there was "a thickening of the bone at that point and an atrophy or shrinking of the muscles. The bone appears to be thickened and inflamed, and the soft tissues are somewhat adhered at the point of injury;" that this condition resulted from the injury mentioned and that the injury was, in his opinion, permanent.

A second objection to this instruction is to the effect that the instruction does not limit the amount of plaintiff's recovery to the amount specified in her petition. The amount specified and sued for in the petition is $4,500. The jury gave her a verdict for $3,000. Although where instructions have failed to limit the amount of recovery and the jury returned a verdict in excess of the amount claimed in the petition, error has been affirmed on the ground of failure to limit the recovery by instruction (Wright v. Jacobs, 61 Mo. 19)

the rule is certainly without force in a case where the recovery is for a less amount than that against which the defendant is called upon in the petition to defend.    By command of our statute, judgments should not be reversed except for error materially affecting the merits of the action.    Aside from this statute, it would indeed be highly technical to predicate reversible error on a matter of such slight consequence in a case where the recovery is within the amount claimed in the petition.    [Crews v. Lackland, 67 Mo. 619, 622.]    The instruction was not improper and the assignment of error is overruled.

Another one of plaintiff's instructions permitted the jury to affirm negligence on the part of defendant if the jury believed from the evidence that after they knew, or by the exercise of ordinary care might have known of the impending danger of collision, the defendant's servants in charge of said car could, by the exercise of care, with the appliances at hand for that purpose and with safety to the passengers in the car, have avoided the collision but negligently failed to do so by reason of which negligence the collision occurred.    The instruction is complained of because it authorizes a verdict against the defendant company for the negligence of its servants and thereby included the negligence of the conductor as well as that of the motorman, as one in charge of the management of the car.    The case of Gebhardt v. St. Louis Transit Company, 97 Mo. App. 273, is relied upon.    The ruling in that case was given upon the Vigilant Watch Ordinance to the effect that it was the duty of the motorman and not of the conductor to keep a vigilant watch for dangers.    It is said no such duty is required of the conductor.    The case cited is not an authority for the proposition advanced on the record now before us, for here it was certainly the duty of the conductor as well as the motorman, if he

either heard the sound of the gong on the hose wagon, or by the exercise of ordinary care, might have discovered the danger in time to have averted it, to use all means at hand to that end, and the defendant company is responsible alike for the negligence of either the conductor or the motorman, in such circumstances. The Supreme Court has expressly determined the identical question in a case almost on all-fours with the one in judgment. [Olsen v. Citizens Railway Company, 152 Mo. 426, 430, 431.] The instruction was proper and the assignment of error is overruled.

The defendant requested and the court refused the following instruction:

"The court instructs the jury that the mere possibility that the servants of the defendant in charge of its car could have stopped it in time after the danger to plaintiff, if any, was discovered, to have avoided a collision with said hose cart, is not sufficient to entitle the plaintiff to a recovery."

This action by the court is complained of as error. As an abstract proposition of law, the instruction may be well enough. However that may be, the court properly refused it for the reason it wholly failed to incorporate the proper principles applicable to the facts in proof. It is conceded the plaintiff was in the exercise of due care on her part at the time of the injury. Before the defendant could be acquitted of her hurt, it was incumbent upon the jury to find that its servants had exercised due care to avert the injury. The standard of care applicable to the facts in proof is not even mentioned or referred to in the instruction mentioned. It is devoid of the essential elements of liability or non-liability arising on the facts and was properly refused. See the following authorities in point: Cytron v. St. Louis Transit Company, — Mo. —, 104 S. W. 109; Zeis v. St. Louis Brewing Assn., — Mo. —, 104 S. W. 99. The verdict was not excessive.

The remaining assignments of error are without merit and are therefore overruled.    The judgment should be affirmed.    It is so ordered.    *Bland, P. J.,* in the result, and *Goode, J.,* concurs.